### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## MIDDLE DIVISION.

---

### NASHVILLE, DECEMBER TERM, 1914.

---

### WILLINGHAM v. POTTER *et al.*

#### (*Nashville.* December Term, 1914.)

ACKNOWLEDGMENT. Certificate of acknowledgment. Sufficiency.
A certificate of acknowledgment to a deed, which recites that
the acknowledger was personally known to the officer, and that
she acknowledged the foregoing deed to be her act and deed for
the purposes therein contained, is, when considered with the
deed, sufficient, though it omits the statutory words "the within
named bargainor."

Cases cited and approved: Watkins v. Hall, 57 Tex., 1; Schleicher
v. Gatlin, 85 Tex., 270; Cavender v. Smith, 5 Iowa, 157; Bell
v. Evans, 10 Iowa, 353; Davis v. Bogle, 58 Tenn., 315.

---

### FROM FENTRESS.

---

(18) [131 Tenn.

Appeal from the Chancery Court of Fentress County.
—A. H. ROBERTS, Chancellor.

A. R. HOGUE and J. W. EVANS, for appellant.

L. T. SMITH and W. A. GARRETT for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

Ejectment.   The chancellor sustained an objection
to a certified copy of a deed introduced as a link in
defendant Potter's chain of title, on the ground that
the certificate of acknowledgment was fatally defective.
This certificate reads:
"State of Tennessee, Fentress County.
"Personally appeared before me Simeon Hinds,
clerk of the county court for said county, Martha Wil-
lingham, with whom I am personally acquainted, and
acknowledged the foregoing deed to be her act and
deed for the purposes therein contained.   Given un-
der my hand at office in Jamestown this 13th day of
July, 1875.
                              "SIMEON HINDS, Clerk,"
The chancellor's ruling was that the omission of
the phrase, descriptive of the person who appeared be-
fore the clerk, "the within named bargainor," which
is found in the statutory form for acknowledgments,
made the certificate invalid.
The certificate recites that the acknowledger was per-
sonally known to the clerk, and we are of the opinion

that by looking to the whole instrument, the deed with the certificate, it is apparent that the acknowledger was the bargainor who so appeared and was executing the deed, and that the omission referred to was not fatal.

In Texas it is held that the omission after the phrase "known to me" of the statutory words "to be the person whose name is subscribed to the foregoing instrument" does not invalidate the certificate. *Watkins* v. *Hall,* 57 Tex., 1; *Schleicher* v. *Gatlin,* 85 Tex., 270, 20 S. W., 120. And to the same effect are *Cavender* v. *Smith,* 5 Iowa, 157; *Bell* v. *Evans,* 10 Iowa, 353; 1 Corp. Juris., 853, section 195. And see *Davis* v. *Bogle,* 11 Heisk. (58 Tenn.), 315.

The chancellor was therefore in error, because of which his decree will be modified.