J. McDonnell *v.* Gertrude Amo et al.

Smith Lumber Company *v.* Gertrude Amo et el.

A. J. Cook *v.* Joseph McDonnell et al.

John A. Dennie's Sons Company *v.* Joseph McDonnell
et al.

(*Nashville,* December Term, 1930.)

Opinion filed January 17, 1931.

G. P. Douglass and A. B. Knipmeyer, for complainant, appellants.

R. B. Goodwin, for defendants, appellees.

Mr. Justice McKinney delivered the opinion of the Court.

This is a contest between materialmen and a mortgagee as to which has the superior lien on a lot of land in Memphis. The former began furnishing material be-

fore the mortgage was executed and recorded, and, nothing further appearing, have the superior lien. *Green* v. *Williams*, 92 Tenn., 229.

██ It is contended that the sheriff did not levy the attachments upon the land but only upon the equity of the mortgagor therein. His return shows that he levied it upon "all the right, title and interest" of the mortgagor in the land. This is equivalent to a levy upon the land. 6 Corpus Juris, 233.

Counsel for the mortgagee cite *Nason* v. *Grant*, 21 Me., 160, and *Gassenheimer* v. *Moulton*, 80 Ala., 521, as holding to the contrary. In these cases it is held that where the levy is restricted to the equity of the debtor in the property a purchaser acquires no greater interest than that specifically defined in the levy. In the causes under consideration if the sheriff had recited that he made the levy subject to the mortgage, or in a case where a mortgage has been foreclosed and the levy is made upon the mortgagor's equity of redemption, upon a sale of the property the purchaser would only acquire the equity of the debtor. We are of the opinion that in the causes at bar the language of the return was intended as a levy upon the land. Such was the command of the writs, and the sheriff offered to amend his return so as to show that fact.

The Supreme Court of Maine, in *Millett* v. *Blake*, 81 Me., 531, says:

"It is the settled law of this state, that an attachment of all the right, title and interest which the debtor has in lands, is a good attachment of the land itself."

The reason for so holding is thus stated in *Roberts* v. *Bourne*, 23 Me., 166, where like language was employed, to-wit:

".   .   .   These cases sufficiently prove, that an attachment is good, though made in as general language as the officer used in this case. And that it has been a common practice sanctioned by the courts, for officers, when they intended to attach certain real estate as the property of the debtor, to make use of the words 'right, title and interest' in and to it, for the purpose of accomplishing it. These words were probably introduced with a design to enlarge and not to diminish the effect of an attachment of a farm or tract of land, so as to secure not only the fee, but whatever right the debtor might have in it, as an estate for life, or for years, or by way of contract in writing, or the right to redeem it.   .   .   .   Does the officer, when he uses the words right, title and interest in and to land, intend to attach only, what the debtor has never conveyed away? Is not the intention rather to attach all the right, title and interest, which by any words may be liable to be attached as the debtor's estate? Will it be contended, that an attachment of all the debtor's right, title and interest in and to a farm described by metes and bounds would not be good against a prior conveyance of it not recorded? The intention in such a case could not be doubted. Yet if a technical construction of the officer's language is to prevail, it may be truly said, that the debtor himself had no legal interest and therefore an attachment of his right, title and interest in and to it amounted to nothing. And if such an attachment were made of an estate fraudulently conveyed by the debtor, and the conveyance recorded before the attachment, the result would be the same. The Court says, in *Taylor* v. *Mixter* (11 Pick., 341), 'had the tenant caused an attachment of the debtor's interest in twenty or a hundred different parcels of estate to be made, it is

not contended, that the attachment would not have been effectual, had they been specifically returned.' It is not easy to imagine a case in which there would be less reason or more danger in considering language to be used with technical accuracy, than in an officer's return upon a writ. The very idea of doing so almost deprives it of a sober consideration.''

We think that the return in these causes is one in general use and donates all of the interest of the debtor in the land subject to levy. The Court of Appeals was therefore correct in holding that the lien of John A. Dennie's Sons Company was superior to that of the mortgagee, S. M. Williamson & Company.

■ The Court of Appeals denied the claim of Smith Lumber Company upon the ground that it did not have a statement of its claim filed with the register of Shelby county, as provided by section 3541 of Shannon's Code.

Counsel for the lumber company insist that the only purpose of this statute was to give notice that a lien was claimed, and that having given Williamson & Company written notice of its claim, a literal compliance with the statute would have served no useful purpose.

In 20 Ruling Case Law, 434, it is said: ''Where a specified mode of giving notice is prescribed by statute that method is exclusive.''

This text was approved by this court in *Payne* v. *State,* 158 Tenn., 211, and has been followed in principle in construing statutes requiring notice to municipalities of accidents and to employers in compensation cases. *White* v. *Nashville,* 134 Tenn., 695; *City of Knoxville* v. *Fielding,* 153 Tenn., 586; *Beech* v. *Keicher,* 154 Tenn., 329.

In 40 Corpus Juris, 174-175, it is said:

''The statutes generally require a person desiring to assert a mechanic's lien to file and have recorded in a

designated place and at or within a designated time an instrument showing that a lien on certain property is claimed by him, and containing certain statements concerning his claim and the property against which he seeks to enforce it. This instrument is variously termed a 'claim,' 'notice,' 'statement,' an 'account,' or an 'affidavit' according to the phraseology employed in the statutes of different jurisdictions. The filing of the instrument is necessary to establish, perfect, preserve, and enforce the lien.''

▉ A materialman's lien is altogether statutory, and when the lawmaking body prescribes the terms upon which it may be asserted, it is beyond the power of this court to waive its provisions or substitute others. Furthermore, our registration statute provides that before any instrument can be recorded it must be acknowledged. Shannon's Code, section 3712. Under the statute here involved it was intended that the statement of the amount due should be supported by affidavit, in the absence of which it would not be entitled to registration. A. J. Cook filed a statement of his account with the register, but it was not entitled to be registered because not verified, and for this reason the Court of Appeals was correct in denying this claim.

Counsel for the Lumber Company have assigned errors by which they insist that the mortgage debt of S. M. Williamson & Company should be reduced by excluding attorneys' fees, commissions, etc.

These matters are not referred to in the argument and, presumably, have been abandoned. We are unable, however, to see how this company can be heard as to these matters when the pleadings do not raise any such issues.

Upon the whole, we concur in the result reached by the Court of Appeals, and therefore deny the writ.