BROWN v. BROWN & CO. et al. No. 7.—160 S. W. (2d) 431.

Eastern Section. November 5, 1941.

Petition for Certiorari denied by Supreme Court, February 7, 1942.

Cantrell, Meacham & Moon, of Chattanooga, for appellant.

S. J. McAllester and L. C. Harris, both of Chattanooga, for appellee Chattanooga Properties Co.

Coffey, McCoy & Durand, of Chattanooga, for appellee First Federal Savings & Loan Ass'n.

McAMIS, J.   This is a suit to enforce a mechanic's lien for materials furnished and labor performed under special contract with the defendant Brown & Company, a corporation.   The Chattanooga Properties Corporation, having acquired title during the progress of the work, was made a party defendant.   After it acquired title the Chattanooga Properties Corporation executed a first mortgage or deed of trust upon the property to the First Federal Savings & Loan Association of Chattanooga and it was likewise named as a defendant to the bill.   The Chancellor dismissed the bill because complainant failed to file a statement of his claim within ninety days after the date when the Chancellor found the building was completed.   Complainant appeals.

The bill alleges that after the contract was completed on or about March 11, 1940, a deed was recorded transferring title from Brown & Company to Chattanooga Properties Corporation.   This was more than ninety days prior to the registration of the lien claim on June 27, 1940.   An attempt was made, in taking proof, to show that the building was completed less than ninety days prior to June 27, 1940.   The proof does show that on April 24, 1940, evidently under contract with the new owner Chattanooga Properties Corporation, certain minor repairs

were made upon one of the buildings located upon the involved premises. We have read and considered the entire proof in the case, consisting solely of the testimony of complainant, and, without stating the proof in detail, we have concluded that under the allegations of the bill and the testimony of complainant himself the Chancellor was correct in finding that complainant's claim was not filed within ninety days after the completion of the work.

The primary question for consideration is one of priority between complainant on the one hand and the Chattanooga Properties Corporation and its mortgagee First Federal Savings & Loan Association. Since the claim is based upon Code, Section 7919, we quote its provisions:

"In order to [preserve] the virtue of the lien, as concerns subsequent purchasers or encumbrancers for a valuable consideration without notice thereof, though not as concerns the owner, such lienor, who has not so registered his contract, is required to file for record in the office of the register of deeds of the county where the premises, or any part affected lie, a sworn statement similar to that set forth in section 7929, and pay the fees; the register to file, note and record same, all as in said section stipulated. Such filing for record is required to be done within ninety days after the building or structure or improvement is demolished, altered and/or completed, as the case may be, or the contract of the lienor expires or is terminated or he is discharged, prior to which time the lien shall be effective as against such purchasers or encumbrancers without such registration."

By stipulation it appears that Chattanooga Properties Corporation acquired the property by deed, dated June 6, 1939, and duly recorded on March 11, 1940. On March 11, 1940, the First Federal Savings & Loan Association recorded a deed of trust dated March 6, 1940, securing an indebtedness of Chattanooga Properties Corporation in the amount of $7,500. It thus appears that Chattanooga Properties Corporation became the owner of the recorded title and the First Federal Savings & Loan Association acquired a first mortgage lien upon the property during the ninety days within which the statute required the registration of complainant's lien.

It is well established by numerous holdings that a mechanic's lien relates back to the date of the visible commencement of the work and if complainant had complied with the statute by recording his claim within the ninety day period there can be no question but that his claim would have priority over the title of Chattanooga Properties Corporation and the lien of the First Federal Savings & Loan Association. Hence they are "subsequent purchasers and encumbrancers" mentioned in the statute and the question for decision is: Are their rights, acquired during the period within which complainant could have perfected his lien, superior to a mechanic's lien filed after the lapse of ninety days?

512

The question is substantially the same as in S. R. Henderson et al. v. Samuel Henderson Watson et al., Knox Equity, this day decided, 25 Tenn. App., 506, 160 S. W. (2d), 429. The claim in that case was under Code Section 7929. Without having filed a claim for registration, as required by Section 7929, the claimant filed a bill to set up his lien and establish it as a prior lien over an encumbrancer who became such during the ninety day period within which the claimant could have filed his claim with the Register of Deeds. The provisions of the two statutes are substantially the same and the only material difference between that case and this is the fact that in the Henderson case no claim was filed for registration, as required, while in this case the lien claim was filed for registration after the statutory period. Under the authorities reviewed in the opinion, we reached the conclusion that the lien of the mortgagees was superior to that of the mechanic. We think the same conclusion must be reached in respect to a lien claimant who does not bring himself within the provisions of the statute by filing his claim within ninety days after the completion of the work.

As held in McDonnell v. Amo, 162 Tenn., 36, 41, 34 S. W. (2d), 212, a mechanic's lien is purely statutory and, when required by the statute, the filing of the claim for registration is necessary to establish, perfect and enforce it.

In Conger Lumber and Supply Company v. White et al., 17 Tenn. App., 206, 66 S. W. (2d), 999, it was held that a lien claimant does not acquire an assertable lien for materials furnished until the provisions of the statute with respect to notice are complied with.

It is generally held that the provisions of the statute are mandatory and that a lien filed after the lapse of the statutory period is void. See Mitchell v. Schulte et al., 142 Ark., 446, 222 S. W., 365, 369, 10 A. L. R., 887, cited in Henderson et al. v. Watson et al., supra. And see, also, Fleming v. Greener, 173 Ind., 260, 90 N. E., 72, 73, 140 Am. St. Rep., 254, 21 Ann. Cas. 959; Becker v. Hopper, 22 Wyo., 237, 138 P., 179, Ann. Cas. 1916D, 1041; Eadie-Douglas v. H. C. Hitch & Co., Ann. Cas. 1913E, 1046.

As to the question of priority, here under consideration, the rule is that the priority of the mechanic's lien is dependent upon compliance by the lien claimant with the statutory requirements relating to the perfection and preservation of his lien, and that his priority may be lost and the lien of subsequent encumbrancers acquire superiority if the lien claimant fails to give notice to the owner or file a claim within the time prescribed by statute. See 40 C. J., p. 298, Section 383.

Since it is not insisted that the First Federal Savings & Loan Association had notice of complainant's lien we think, under the authorities cited, the Chancellor was correct in holding its mortgage

lien superior to complainant's lien for materials furnished and labor performed.

As to the Chattanooga Properties Corporation, it is insisted in behalf of complainant that, under a proper construction of Section 7919, it is required to show affirmatively that it acquired title "for a valuable consideration without notice" of complainant's lien. The deed recites a consideration and we think this was sufficient to show prima facie that Chattanooga Properties Corporation is a subsequent purchaser for a valuable consideration.

Since complainant can succeed in establishing his lien only by a showing that he falls within the provisions of the statute, we think the burden of proof rests upon him to show notice on the part of Chattanooga Properties Corporation. This issue was not developed before the Chancellor. The question is a new one and, if counsel for complainant deems proper, this Court will entertain a petition to remand the case for a trial upon that issue. If the transfer from Brown & Company to Chattanooga Properties Corporation was merely colorable, as insisted, complainant would seem, as a matter of equity, entitled to enforce his lien against it, subject, of course, to the lien of First Federal Savings & Loan Association.

We think the Chancellor was correct in holding that the work done on April 24, 1940, was under a separate contract and correctly rendered a decree against Chattanooga Properties Corporation, the then owner of the property, for the contract price and correctly decreed that said claim constitutes a lien, under the statute, though it is secondary to the lien of the First Federal Savings & Loan Association because the work was done after the recordation of its deed of trust.

Complainant makes the contention that the statute should be construed to mean that the lien claim must be filed within ninety days after the completion of the work only in order to protect the lien claimant against purchasers and encumbrancers who became such after the expiration of the ninety days. With this contention we find ourselves unable to agree. The language of the statute is that the claim must be filed within ninety days after the building is completed, etc., but it is provided that during the full ninety day period the lien shall be effective without registration. We think the meaning is clear.

For the reasons indicated, we find no error in the decree of the Chancellor. Costs will be adjudged accordingly.

Portrum and Ailor, JJ., concur.