Chattanooga Lumber & Coal Corporation

*v.*

Leslie Phillips et al.

(*Knoxville,* September Term, 1956.)

Opinion filed June 7, 1957.

WILKERSON, MEACHAM & ABSHIRE, Chattanooga, for appellant (complainant).

W. W. ROBINSON, Chattanooga, for Leslie Phillips.

MOON, ANDERSON, HARRIS & DINEEN, Chattanooga, for John S. Beene, Jr., and wife appellee (defendants).

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The Chattanooga Lumber & Coal Corporation filed its original bill in the Chancery Court and alleged the following facts: that John S. Beene, Jr., and wife, Faye H. Beene, are the owners of certain real estate located in Hamilton County (describing it) and that it furnished to the defendant, Leslie Phillips, contractor, and under a contract with Beene and wife materials to make repairs and improvements on said property and delivered same according to its contract. The balance due on account for said materials, so furnished and delivered, and unpaid amounted to $945.48. The complaint gave due notice to the defendants, Beene and wife, of its claim of lien within the time required by law and filed same for

record in the Register's office of Hamilton County on September 22, 1956, and the same appears of record in Lien Book 9, page 40. A copy of the claim of lien is made an exhibit to the bill. Notice of the claim of lien was duly served upon Beene and wife as owners of the property.

Defendant, Title Guaranty & Trust Company, Trustee, is named as such in a deed of trust registered June 7, 1956, in the Register's office to secure Rossville Federal Savings and Loan Association. The bill charges that the complainant's first delivery of materials was prior to the date of the registration of the aforesaid deed of trust and its claim is superior thereto. "Wherefore, complainant has and claims a lien on the hereinbefore described property to secure the payment of said indebtedness under the provisions of the Mechanic's and Furnisher's Lien Law of Tennessee". Section 64-1101, et seq., T.C.A.

The bill prayed (1) that an attachment issue and be levied upon the described property; (2) that it have a decree for the amount of its indebtedness and a lien be declared upon the property to secure payment of its debt; (3) that said property be sold to satisfy the debt; (4) that the rights, interests and priorities be fixed and declared by the court.

The bill was duly verified by W. L. Adams, President, etc., of the complainant corporation.

The "lien claim", denominated "Furnishers Lien Claim", filed as Exhibit to the bill is also sworn to by the said Adams, and addressed to Beene and wife, owners, and Leslie Phillips, contractor. It reads, as follows:

"The Chattanooga Lumber & Coal Corp., claims a lien given by statute to secure the sum $943.48 for materials furnished to Leslie Phillips, Contractor for improvements on Mr. and Mrs. John S. Beene's property, described as follows: Lot Eight and Nine Block K in Delray Park Addition as shown on platt of record in the Register's office of Hamilton County, Tenn.,

"Amount of claim                                   $943.48
"Cost of Recording Lien                              2.00
                                                 ─────────
"Total amount of Claim                            $945.48"

The verification to the foregoing is, as follows:

"W. L. Adams, President of Chattanooga Lumber and Coal Co. being duly sworn on oath says that the foregoing statements of claim of lien are true to the best of his knowledge and belief."

The attachment as prayed for was duly served and levied upon the property.

The defendant, Leslie Phillips, answered the bill, admitting the facts set forth in the bill. But states he is not informed as to amount of materials furnished; "he neither admits or denies that the Complainant has complied with the law as to liens."

The defendants, John S. Beene, Jr., and wife demurred to the bill as follows:

"Come defendants, John S. Beene, Jr. and wife, Faye H. Beene, and demur to the bill heretofore filed against them, on the ground that same shows on its face by Exhibit A thereto that it is not acknowledged as required by Tennessee Code Annotated, Section

64-2201, and not entitled to registration, and hence cannot be the foundation for any alleged lien."

The chancellor sustained the demurrer of Beene and wife and dismissed the bill. The complainant prayed and was granted an appeal to this Court.

The assignments of error, 1 and 2, are as follows:

"The Chancellor erred in sustaining the demurrer of defendants John S. Beene, Jr., and wife Faye H. Beene, the owners of the realty, dismissing the bill as to them and holding that the claim of furnisher's lien, being sworn to but not acknowledged, was not entitled to registration and therefore did not create a valid furnisher's lien on the real estate of said owners."

"The Chancellor erred in sustaining the demurrer of defendants John S. Beene, Jr., and wife Faye H. Beene, the owners of the realty, dismissing the bill as to them and holding that the claim of furnisher's lien was required to be acknowledged and registered to fix a valid lien on the realty of said owners."

The complainant contends that 64-1112 and 64-1117, T.C.A., requires only "a sworn statement" of the claim, the same to be filed with the County Register for registration and that an acknowledgment of such claim is not required. Thus it is argued by counsel, "Neither affidavit, acknowledgment or registration of a claim of lien is necessary to bind the owner and fix the lien on his realty, if notice in writing is served upon him in accordance with Section 64-1115, Tennessee Code Annotated."

It is argued in support of assignment No. 2:

"Registration is not necessary as against the own-

ers for the perfection or preservation of the mechanic's liens of subcontractors, furnishers and workmen, but is only necessary as against third persons, subsequent purchasers or encumbrancers for value.

"The original bill clearly alleges on its face that notice of said claim of lien was served upon defendants John S. Beene, Jr., and wife, Faye H. Beene, as owners, pursuant to statute."

The Chancellor dealt with the question of notice, holding that the notice of a claim of lien, as filed in the Register's office was not *acknowledged* as required by Sections 64-2201, and 64-2208, T.C.A. These sections of the Code relate to "methods of authentication". Code Section 64-2201 reads as follows:

"To authenticate an instrument for registration, its execution shall be acknowledged by the maker, or proved by two (2) subscribing witnesses, at least."

Section 64-2208 prescribes a "Form for authentication of corporate instrument". There is no other form of acknowledgment for a corporate deed. The form set forth in this section of the Code must be substantially followed. *Pennington v. Webb-Hammock Coal Co.,* 182 Tenn. 33, 184 S.W.2d 47.

Coming now to the insistence of the complainant that the claim of lien requires only that "a sworn statement" be filed for registration, and that an acknowledgment is not required, both counsel for the complainant and the defendants rely on *McDonnell v. Amo,* 162 Tenn. 36, 34 S.W.2d 212, 213.

We need not quote these Code Sections in this

opinion. Suffice it to say that these Code Sections relating to liens upon property and their enforcement must be considered *in pari materia*. The vital question at issue is whether or not registration and acknowledgment is necessary to preserve, and enforce, a furnisher's lien. In support of the Chancellor's decree the appellees say:

"Appellees submit that registration is essential to establish, perfect, preserve and enforce a furnisher's lien, where the furnisher dealt with the contractor and not the owner. If the furnisher had dealt with the owner, under Section 64-1116 T.C.A., notice was not even necessary. In the case at bar furnisher dealt with contractor, which made notice to owner necessary under Section 64-1115 TCA, and since priority of lien in favor of furnisher is sought, Section 64-117 T.C.A. requires registration."

We think the foregoing contention is supported by *Mc-Donnell v. Amo, supra,* and other decisions hereinafter referred to.

In considering the questions made in the second assignment of error, Mr. Justice McKinney says in *Mc-Donnell v. Amo, supra*:

"A materialman's lien is altogether statutory, and, when the lawmaking body prescribes the terms upon which it may be asserted, it is beyond the power of this court to waive its provisions or substitute others. Furthermore, our Registration Statute provides that before any instrument can be recorded it must be acknowledged. Shannon's Code 3712. Under the statute here involved it was intended that the statement of the amount due should be supported by affidavit, in the

absence of which it would not be entitled to registration."

■ It cannot be doubted but that the claim of lien must be *acknowledged* in compliance with the statute, otherwise it is ineffective for any purpose. In *Henderson v. Watson,* 25 Tenn.App. 506, 160 S.W.2d 429, the court holds as follows:

"A mechanics' lien exists only by virtue of statute, which provides exclusive method which must be followed before claim to lien under statute can be maintained. Code 1932, sec. 7929."

"A mechanics' lien claim not filed for registration as required by statute was inferior to deed of trust recorded after visible commencement of work and before expiration of time limit for recording mechanics' lien, notwithstanding that lienor's bill was filed and property attached within time fixed by statute for filing claim. Code 1932, sec. 7929."

In that case contention was made "that the filing of the bill and the attachment of the property within the ninety day period obviated the necessity of filing the claim for recordation." In dealing with this question, Judge McAmis speaking for the court, says: "We think this insistence untenable. As pointed out, the provisions of the statute provide an exclusive method which must be followed before the claim to a lien under the statute can be maintained."

■ It is insisted by complainant's counsel that Sections 64-1112 and 64-1117, T.C.A., were passed many years after 64-2201, T.C.A., and "must be held to have modified any requirement in 64-2201 that instruments be

acknowledged in order to be admitted for registration.'' We think this contention is contrary to the ruling in *McDonnell v. Amo* and *Henderson v. Watson, supra.* In both of these cases it is expressly held that our registration statutes provide that before any instrument can be recorded it must be acknowledged.

■■ The importance of registration and acknowledgment of an instrument, which purports to establish a lien, is that it affects the title and interest of all subsequent purchasers and lienors. It does not affect the owner otherwise than to give him notice that the claimant has furnished material to the contractor. And since the claim of lien in the case at bar was not executed as required by law, and was not acknowledged, it was without any legal efficacy to sustain it as against the holders of the deed of trust.

The Legislature must have known the significance and meaning of *"acknowledgment of an instrument."* In *Figuers v. Fly,* 137 Tenn. 358, 370, 193 S.W. 117, 120, it is held:

" 'Personally acquainted with' in such a certificate means a knowledge independent and complete in itself, and existing without other information. *Kelly v. Calhoun,* 95 U.S. 710, 713, 24 L.Ed. 544.

"The phrase imports more than a slight or superficial knowledge. 1 Corp. Juris., 904, and cases cited.

" 'It is one of the most important requirements—as a protection against fraud—contained in the formula prescribed by the statute.' *Fall v. Roper,* 40 Tenn., 3 Head., 485. And see *Willingham v. Potter,* 131 Tenn. 18, 173 S.W. 434.''

Also in *Peacock v. Tompkins,* 1839, 20 Tenn. 135, the Court holds that probate of a deed under the Code is fatally defective and "insufficient to authorize its registration, if the certificate of the officer taking it omit to state that the clerk was acquainted with the bargainor."

■ Contention is made by complainant that the case of *Reeves v. Henderson & Co.,* 90 Tenn. 521, 522, 18 S.W. 242, 243, controls the case at bar in that "Registration is not requisite to the creation and maturity of the lien as between the owner of the property and the subcontractor or materialman." In this case the Court made this observation: "It is only when a particular lienor seeks to give his lien precedence over the lien of other persons that registration is required." The filing of the claim for registration could in no way determine the accuracy of the account. Against the right of the mortgagee, or holder of the deed of trust on the property, the holding of the Court of Appeals in *Henderson v. Watson, supra,* is applicable in that the complainant must comply with the statute as to recordation and acknowledgment of its claim.

Compare *Brown v. Brown & Co.,* 25 Tenn.App. 509, 160 S.W. 431, where the court holds: "A mechanics' lien is purely statutory and, when required by statute, filing of claim for registration is necessary to establish, perfect and enforce lien. Code 1932, Section 7919."

■ As heretofore stated in this opinion the alleged notice was not verified and acknowledged in accordance with the form prescribed in Section 64-2208, T.C.A. A lienor, as in the case at bar, in order to effectuate, preserve and enforce his lien upon the owner's property must do something more than appear before a Notary

Public and swear that the claim is true "to the best of his knowledge, information and belief" and that he has a furnisher's lien upon the property. This notice to the owner and the contractor is *an instrument* that must be registered and authenticated as provided in 64-2201, T. C.A., supra. Under this section of the Code there is cited *McDonnell v. Amo, supra.*

■ The complainant concedes that the lienor's notice of his claim require recordation. This being true, and it is true, it is an instrument that requires not only a supporting affidavit but that "its execution shall be acknowledged by the maker, or proved by two (2) subscribing witnesses, at least."

The assignments of error are overruled, and the Chancellor's decree is affirmed.