PULASKI LUMBER COMPANY, INC.,
Plaintiff-Appellee,

v.

HARPETH SOUTH, INC., et al.,
Defendants-Appellants.

Supreme Court of Tennessee.

Nov. 5, 1973.

Denty Cheatham, Cheatham & Cheatham, Pulaski, for plaintiff-appellee.

John R. Parker, Vaden Lackey, Jr., Denney, Lackey, Chernau & Castleman, Nashville, for defendants-appellants.

OPINION

W. M. LEECH, Special Justice.

From a final decree of the Chancery Court for Davidson County, two of the defendants in that court were granted and perfected an appeal to the Court of Appeals. The Chancellor's decree recites:

"This cause came on this 10th day of February, 1972, to be heard before the Honorable Ned Lentz, Chancellor, Part I Seventeenth Chancery Division, sitting at Nashville for Davidson County, Tennessee, upon the bill filed in this cause on February 19, 1971; the exhibits thereto being A, B, C, D, and E, the Answers of Harpeth South, Inc., of Thomas P. Bugg, and wife, Miranda Buss, of James H. Bell and wife, Cleo B. Bell, of J. J. Foley, Trustee and J. I. Kislak

Mortgage Corporation of Florida, of J. O. Scoggins, d/b/a Scoggins Enterprise and/or Twentieth Century Co., admissions and statements of counsel in open court, from all of which it duly appears to the Court:"

■ The above quote discloses that this was a final decree of a lower court determined by a "method not involving a review or determination of the facts", and the appeal should have been to this Court. For that reason, we have granted certiorari and will review the record upon the assignments of error made in the Court of Appeals as if the appeal had been made direct to this Court. *See,* T.C.A. § 16–408.

The Pulaski Lumber Company, Inc., filed suit in the Chancery Court to enforce liens for materials furnished in the construction of houses in a subdivision in Davidson County, Tennessee. The complaint alleged that plaintiff furnished materials and supplies to the defendant, J. O. Scoggin, doing business as Scoggin Enterprises and/or Twenty-first Century Company, who was the contractor for the defendant, Harpeth South Company, Inc., in the construction of houses on eleven lots in two subdivisions owned by Harpeth South. In addition, the complaint alleged that the materials were used in the construction of the houses on said lots and that the sum of $2,590.56 was due plaintiff.

The complaint also alleged that:

"Notices of these liens were also mailed to the defendants J. J. Foley, Attorneys Title Company and J. I. Kislak Mortgage Corporation of Florida, who are trustees and/or mortgagees under deeds of trust involving the aforesaid property.

The notice of the liens claimed on the aforesaid lots were registered, in due form, in the Register's Office of Davidson County, on November 23, 1970, and appear at Book 4461, page 790 and Book 4461, page 793, in the Register's Office of Davidson County."

The above averment is the only reference in the complaint pertaining to the interest of the two defendants who have appealed, J. J. Foley, Trustee, and J. I. Kislak Mortgage Corporation of Florida.

In response to the complaint, defendants filed a motion to dismiss as follows:

"The above styled defendants move the Court to dismiss the action because the complaint fails to state a claim against the Defendants upon which relief can be granted, in that Plaintiff's notices of liens (Exhibits 'D' and 'E', attached to said Complaint filed herein) reveal on their face that they are defective and unenforceable in that they were not prepared and executed in the proper form so as to be in compliance with the following mandatory statutory provisions of Tennessee Code Annotated:

1. Sections 64–1112 and 64–1117 both expressly require that every notice of lien must be supported by a sworn statement as to the amount due for work, labor or materials;

Exhibits 'D' and 'E', attached to the Complaint filed herein, reveal on their face that Plaintiff's notices of lien are supported solely by the Plaintiff's corporate acknowledgment of the type to authenticate a corporate instrument for recording, but nowhere is Plaintiff's statement as to the amount due supported by affidavit as required by law.

2. Section 64–1118 expressly requires that where two (2) or more lots, parcels, or tracts of land, are improved, the lienor must apportion his claim between the several lots, parcels, or tracts of land and file a separate notice of lien for the amount demanded against each lot, parcel or tract of land;

Exhibits 'D' and 'E' reveal on their face that in each instance, Plaintiff has improperly included Multiple lots under one notice of lien."

The motion to dismiss was overruled and the defendants filed separate answers. However, these answers, with the exception of those of the contractor Scoggin, did not raise any new or additional defense to those in the motion to dismiss. Scoggin in his separate answer affirmatively alleged that he had filed a petition in bankruptcy.

The cause was heard upon the technical record, admissions and statement of counsel in open court and a decree was subsequently entered by the Chancellor awarding a recovery to plaintiff for the amount of the claim with interest from the date of the filing of the bill, but stating that since the defendant, Scoggin, had filed a petition in bankruptcy and had been discharged no recovery was awarded against him.

Since J. I. Kislak Mortgage Corporation of Florida and J. J. Foley, Trustee, are the only parties that have appealed, we quote only that portion of the decree that affects their interest, as follows:

"That said bankruptcy does not defeat the lien of Pulaski Lumber Company and that the sums aforesaid are liens against the aforesaid houses and lots, and complainant is entitled to have said liens enforced by the sale thereof of each respective lot, above described, unless previously paid and discharged."

\*　\*　\*　\*　\*　\*

*"It is specifically adjudicated that any of the deeds of trust placed of record after the furnishing of said materials is a secondary lien on the above described property.*

The motions of J. J. Foley, Trustee and J. I. Kislak Mortgage Corporation of Florida and the defendant, Harpeth South, Inc. renewed in their answers, but heretofore overruled by this Court, are hereby specifically overruled." (Emphasis added).

The defendants have assigned errors as follows:

"I. The Chancery Court erred in holding that the plaintiff's notice of furnisher's lien was in proper form.

II. The Chancery Court erred in holding that the deeds of trust in favor of these defendants are secondary to the furnisher's lien of the plaintiff.

III. The Chancery Court erred in not hearing proof on the issues raised by the complaint and the answer of these defendants."

The third assignment will not be considered because the recitals in the decree reveal that no proof was necessary.

Turning then to the first assignment, defendants contend that, since the notices of liens which were filed for record were not sworn to, they do not comply with T.C.A. §§ 64–1112 and 64–1117. These Code sections are as follows:

"64–1112. *Sworn statement in lieu of registration of contract.*—In order to preserve the virtue of the lien, as concerns subsequent purchasers or encumbrancers for a valuable consideration without notice thereof, though not as concerns the owner, such lienor, who has not so registered his contract, is required to file for record in the office of the register of deeds of the county where the premises, or any part affected lie, a sworn statement similar to that set forth in § 64–1117, and pay the fees; the register to file, note and record same, all as in said section stipulated. Such filing for record is required to be done within ninety (90) days after the building or structure or improvement is demolished, altered and/or completed, as the case may be, or the contract of the lienor expires or is terminated or he is discharged, prior to which time the lien shall be effective as against such purchasers or encumbrancers without such registration."

"64–1117. *Registration of abstract.*— Such lien shall have precedence over all

other subsequent liens or conveyances during such time; provided, a sworn statement of the amount due and/or approximating that to accrue for such work, labor, or materials, and a reasonably certain description of the premises, shall be filed, within said first mentioned period of ninety (90) days, with the county register, who shall note the same for registration, and put it on record in the lien book in his office, for which he shall be entitled to the sums specified in § 8–2138, which sums shall be paid by the party filing the same; but said fees shall be receipted for on the statement of account, and shall be part of the indebtedness or charge secured by the lien, and this registration shall be notice to all persons of the existence of such lien."

The two filed notices were not sworn to, but they were signed by Robert F. Storey, Vice-President of Pulaski Lumber Company, Inc., the plaintiff, and acknowledged as follows:

"STATE OF TENNESSEE
COUNTY OF GILES

Before me, David E. Cheatham, a Notary Public in and for the State and County aforesaid, personally appeared Robert F. Storey, with whom I am personally acquainted and who, upon oath, acknowledged himself to be the Vice-President of Pulaski Lumber Company, Inc., a corporation, and the within named bargainor, and that he as such Vice-President, being authorized so to do, executed the foregoing instrument for the purposes contained therein, by signing the name of the corporation by himself as such Vice-President.

Witness my hand and official seal at office in Pulaski, Tennessee on this the 20th day of November, 1970.

/s/ David E. Cheatham
Notary Public

My commission expires October 14, 1974."

In McDonnell v. Amo, 162 Tenn. 36, 34 S.W.2d 212 (1930), the question was considered whether a notice of lien was entitled to registration so as to give it precedence over a mortgage in view of Section 3541 of Shannon's Code (now T.C.A. § 64–1117). Therein we said that:

"A materialman's lien is altogether statutory, and when the lawmaking body prescribes the terms upon which it may be asserted, it is beyond the power of this court to waive its provisions or substitute others. Furthermore, our Registration Statute provides that, before any instrument can be recorded it must be acknowledged. . . . Under the statute here involved it was intended that the statement of the amount due should be supported by affidavit, in the absence of which it would not be entitled to registration."

We therefore held that even though a statement of an owed account was filed with the register, it was not entitled to be registered because it was not verified. Thus, the filing was a nullity and did not give notice.

A similar question was raised in Chattanooga Lumber Co. v. Phillips, 202 Tenn. 266, 304 S.W.2d 82 (1957). However, in *Chattanooga Lumber Co.* the notice of lien was sworn to but not acknowledged. In deciding the case we indicated that:

"As heretofore stated in this opinion the alleged notice was not verified and acknowledged in accordance with the form prescribed in Section 64–2208, T.C.A. A lienor, as in the case at bar, in order to effectuate, preserve and enforce his lien upon the owner's property must do something more than appear before a Notary Public and swear that the claim is true 'to the best of his knowledge, information and belief' and that he has a furnisher's lien upon the property. This notice to the owner and the contractor is an instrument that must be registered and authenticated as provided in 64–2201 T.C.A., supra. Under this section of the

Code there is cited McDonnell v. Amo, supra, 162 Tenn. 36, 34 S.W.2d 212.

*The complainant concedes that the lienor's notice of his claim require[s] recordation. This being true, and it is true, it is an instrument that requires not only a supporting affidavit but that 'its execution shall be acknowledged by the maker, or proved by two (2) subscribing witnesses, at least.'"* (Emphasis added).

■ Therefore, in the instant case we hold that in order to register notice of a lien so as to entitle the lienholder to priority over subsequent purchasers or encumbrancers for value, such lienholder must not only acknowledge his notice of lien in compliance with T.C.A. § 64–2201 et seq., but must in addition verify the notice by a sworn statement of the amount due as required by T.C.A. §§ 64–1112 and 64–1117. Since the notices of liens which were filed for record in the instant case were not sworn to in compliance with our aforementioned holding, the filing was a nullity and did not give notice.

Plaintiff argues that a corporation cannot make a sworn statement since it is a fictional person, having neither soul nor conscience and incapable of committing perjury.

■ Assuming *arguendo* that this premise is correct, there is no valid reason why some officer or employee of the corporation who is familiar with the facts creating the lien could not swear to the notice of claim just as any other person could do. This being true, we cannot allow a corporation to escape the lien statutes merely because it is a fictional person. We hold therefore, that plaintiff corporation must comply with all the provisions of the lien statutes as would any natural person.

Petitioner's first assignment of error is sustained, thus the Chancellor's decrees must be modified to hold that the plaintiff's notice of liens were not properly registered, therefore, they did not give notice sufficient to have precedence over the claims of J. I. Kislak Mortgage Corporation of Florida and J. J. Foley, Trustee.

■ The question remains, however, whether plaintiff's liens take precedence by virtue of some other reason. Having carefully examined the pleadings, it is clear that plaintiff made no allegation that their claim was superior to any other. Plaintiff merely sought to have a "claimed lien enforced". In addition, the complaint was absolutely void of any allegation from which the Chancellor could say that the plaintiff had a superior claim. Moreover, even if it could be read into the complaint that the plaintiff alleged that its claim had priority, there was no proof entered to sustain the fictional allegation. Therefore, the plaintiff failed to meet the burden of proof. Also, in Brown v. Brown, 25 Tenn.App. 509, 160 S.W.2d 431 (1942), the court indicated that a lien claimant has the burden of showing that the third party had notice. Here again there was no such showing. Thus, we think that the motion to dismiss should have been sustained by the Chancellor in the first instance.

Having decided the first assignment of error as we have, it is unnecessary to consider the second assignment, therefore it is pretermitted.

In conclusion, it results that the cause is remanded to the lower court for proceedings consistent with this opinion. And any sale resulting from the Chancellor's decree involving the interests of J. I. Kislak Mortgage Corporation of Florida and J. J. Foley, Trustee, must be subject to their claims and not those of Pulaski Lumber Company.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.