**TINDELL HOME CENTER, INC., Appellant,**

v.

**UNION PEOPLES BANK OF ANDERSON COUNTY, Tennessee, Appellee.**

Supreme Court of Tennessee.

Oct. 11, 1976.

Rehearing Denied Nov. 29, 1976.

Sumter D. Ferguson, Jr., Knoxville, for appellant. ·

W. Clark Meredith, Joyce, Anderson & Meredith, Oak Ridge, for appellee.

OPINION

COOPER, Chief Justice.

In three cases consolidated for appeal, Tindell Home Center, Inc., takes issue with the decree of the Chancery Court of Anderson County that (1) Tindell had not perfected a materialman's lien on lots 2, 3, and 33 in the West Ridge Addition of Anderson County, and (2) that, as a consequence, recovery by Tindell against the properties was limited to proceeds from the sale of the properties by the defendant Union Peoples Bank of Anderson County "in excess of the funds expended by the [Bank] on said propert[ies]." The Bank, in turn, challenges the holding that Tindell has a claim—to the extent of money due it for material furnished for the construction of improvements on the properties—on any profit the Bank might make from a subsequent sale of the properties.

The actions were tried on stipulations of facts. Essentially, the parties stipulated that Ridge Builders, at the time the owner/builder, undertook to construct a dwelling on each of the lots. Subsequently, Ridge Builders executed deeds of trust to the Bank to secure loans made Ridge Builders for construction of the dwellings. In each instance, the deed of trust was executed after the visible commencement of construction on the lot conveyed. At the time of the execution and recordation of the deeds of trust, the Bank "was a good faith encumberer for a valuable consideration and without actual notice of [Tindell's] claim."

Tindell furnished Ridge Builders material used in the construction of each of the houses. The last delivery of material to lot 2 was August 26, 1974, lot 33 was September 7, 1974, and lot 3 was September 26, 1974.

None of the houses was completed by Ridge Builders, who abandoned the properties "on or about December 1, 1974."

The Bank foreclosed the mortgages held by it, and purchased the properties at a public sale held on March 14, 1975. The Bank undertook to and did complete the houses on April 25, 1975.

Tindell filed notices of lien on April 23, 1975, with copies being served on the Bank. Suits to enforce the liens were filed by Tindell on April 25, 1975, and attachment was levied on the several properties.

The Bank, in purchasing the properties at the foreclosure sale, took them subject to valid liens prior in time to the mortgages. *Cf. Green v. Williams,* 92 Tenn. 220, 21 S.W. 520 (1890); *McDonald v. Amo,* 162 Tenn. 36, 34 S.W.2d 212 (1931). Tindell's liens for materials furnished, if properly perfected, took effect from the time of visible commencement of operations on the properties (T.C.A. 64–1104), which was stipulated to have been prior to the execution and recordation of the Bank's mortgages. The issue then is: Did Tindell perfect and preserve the materialman's lien granted it by T.C.A. 64–1102, so that it remained superior to the mortgages?

■ A materialman's lien is statutory and, consequently, the requirements relating to its perfection and preservation are mandatory. *Southern Blow Pipe and Roofing Company v. Grubb,* 36 Tenn.App. 641, 260 S.W.2d 191 (1953); *McDonald v. Amo,* 162 Tenn. 36, 34 S.W.2d 212 (1931). And, where the materialman fails to comply with any material requirement, he loses his lien and his priority over subsequent bona fide encumbrancers or purchasers. *See Brown v. Brown & Co.,* 25 Tenn.App. 509, 160 S.W.2d 431 (1941).

T.C.A. 64–1112 provides that where material is furnished the owner of property for use in construction of an improvement on the property, and the contract is not registered, the material furnisher must file his notice of lien in the register's office in the county where the property is located within the time prescribed by statute if the lien is

to be effective against subsequent bona fide purchasers or encumbrancers of the property. The prescribed periods of time for the filing of the notice of lien to preserve it against subsequent purchasers or encumbrancers is "ninety (90) days after the building or structure or improvement is demolished, altered and/or completed, as the case may be, or the contract of the lienor expires or is terminated or he is discharged, . . . ."

█ And if the owner/builder does not complete the improvements but abandons them, the materialman must file his notice of lien within ninety days from the completion or termination of his contract for it to be effective against subsequent bona fide encumbrancers or purchasers. *Concrete Supply Company of Oak Ridge, Inc. v. Union Peoples Bank, et al.,* Tenn.App., 540 S.W.2d 250, cert. denied August 16, 1976; *First State Bank v. Stacey, supra. Cf. Bird Bros. v. Southern Surety Co.,* 139 Tenn. 11, 15–16, 200 S.W. 978 (1918).

█ As heretofore noted, the parties stipulated the Bank was "a good faith encumbrancer for a valuable consideration." They also stipulated that the owner/builder abandoned the properties on December 1, 1974. The Bank's mortgages were not foreclosed until March 14, 1975, which was more than ninety days after the last delivery of material by Tindell. In short, at the time of the mortgage foreclosures and sales, the statutory time allowed Tindell to perfect its materialman's lien had passed; consequently, the Bank, as the purchaser of the properties at the public sale, took them free of liens for material furnished by Tindell, leaving Tindell with its claim against the owner/builder and against any funds paid for the properties at the foreclosure sales in excess of those due the Bank on its mortgages.

█ Tindell argues the abandonment of the construction projects is not the controlling factor where, as in this case, the purchaser of the properties at the foreclosure sale completed the buildings. Tindell insists that the completion of the houses gave

lien claimants, including Tindell, a period of ninety (90) days after such completion within which to perfect their claim. We can not accept this argument for two reasons. First, the foreclosure sales did not occur until after the time of perfecting Tindell's lien had passed and the mortgages were the superior lien. Second, to impose such a limitation on a purchaser of property abandoned by an owner/builder would result in such property going for a greatly reduced price since the purchaser, of necessity, could not complete the property on peril of making his interest subject to materialmen's liens that otherwise could not be perfected.

█ The decree of the chancellor is affirmed, except for that part giving Tindell "a claim against any proceeds received [from a sale of the properties by the Bank] in excess of the funds expended by the [Bank] on the property," which is reversed. Costs are adjudged against Tindell Home Center, Inc., (now Tindell's, Inc.) and its surety.

FONES, HENRY, BROCK and HARBISON, JJ., concur.

OPINION ON PETITION TO REHEAR

A petition for rehearing has been filed on behalf of Tindell Home Center, Inc., (now Tindell's, Inc.). After consideration of the same, the court is of the opinion that the petition is not well taken and it is accordingly overruled at the cost of the petitioner.

FONES, HENRY, BROCK and HARBISON, JJ., concur.