**DON HUCKABY PLUMBING CO., INC., Plaintiff–Appellant,**

v.

**CARDINAL INDUSTRIES MORTGAGE COMPANY, Joe Pitt, Trustee, and Mid–America Federal Savings & Loan Association, Defendants–Appellees.**

Supreme Court of Tennessee, at Jackson.

Jan. 19, 1993.

Rehearing Denied March 1, 1993.

---

James H. Kee, Johnson, Grusin, Kee & Surprise, P.C., Memphis, for plaintiff-appellant.

R. Mark Glover and Michael C. Patton, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, for defendants-appellees.

## OPINION

DROWOTA, Justice.

In this suit to enforce a mechanic's and materialmen's lien, Don Huckaby Plumbing Co., Inc. ("Huckaby Plumbing"), Plaintiff-Appellant, appeals from a judgment of the Court of Appeals holding that it failed to comply with the requirements of T.C.A. § 66–11–112(a) for preserving the priority of its contractor's lien under T.C.A. § 66–11–102(a) as to subsequent purchasers or encumbrancers.[1] The sole question before the Court is whether a lienor may preserve the priority of a contractor's lien as to subsequent purchasers or encumbrancers within the meaning of T.C.A. § 66–11–112(a) by filing suit within 90 days of when work is completed. We answer in the affirmative and, therefore, reverse the Court of Appeals and reinstate the judgment of the trial court.

The basic facts in this case are undisputed. Cardinal Retirement Village of Memphis ("Cardinal Retirement Village"), a limited partnership, intended to construct a retirement home on its property. To this end, Cardinal Retirement Village, along with its general partner, Cardinal Industries, Inc. ("Cardinal Industries"), entered into agreements with Huckaby Plumbing, along with other contractors, to perform various plumbing and landscaping work. Huckaby Plumbing commenced work on the property June 17, 1988.

Cardinal Industries Mortgage Company ("Cardinal Industries Mortgage") provided the initial financing for the construction of the retirement home. The financing was secured by a deed of trust dated June 22, 1988, by Cardinal Retirement Village conveying the property to Joe Pitt, Trustee,

for his beneficiary, Cardinal Industries Mortgage. Cardinal Industries Mortgage then assigned all of its interest in the deed of trust to Mid–America Savings and Loan Association ("Mid–America").

Huckaby Plumbing completed its work on the construction site January 18, 1989. Because $29,442.41 was still owed to Huckaby Plumbing, it filed a notice of lien in the Shelby County Register of Deeds office on January 19, 1989. The lien was verified, or sworn to, by Huckaby Plumbing, but not acknowledged as required by T.C.A. § 66–22–101.[2] A copy of the recorded notice of lien was sent to Cardinal Retirement Village, Cardinal Industries, Cardinal Industries Mortgage, and Joe Pitt, Trustee.

Huckaby Plumbing, not having been paid, filed suit on March 14, 1989, seeking payment of the amount owed and to have its lien declared superior to all other liens, including the deed of trust Cardinal Industries Mortgage had assigned to Mid–America. Named as Defendants were Cardinal Retirement Village, Cardinal Industries, Cardinal Industries Mortgage, and Joe Pitt, Trustee.

Mid–America was also not paid and, accordingly, foreclosed on its deed of trust. Mid–America purchased the subject property and received a trustee's deed on July 18, 1989. Upon learning of Mid–America's ownership of the property, Huckaby Plumbing amended its complaint to include Mid–America as a Defendant, seeking a declaration that Huckaby Plumbing's lien had priority over Mid–America's deed of trust and title under the trustee's deed.

The trial court granted summary judgment to Huckaby Plumbing. The court reasoned that even though the lack of an acknowledgement in the notice of lien violated the technical registration requirements of T.C.A. § 66–11–112(a), the fact that Huckaby Plumbing recorded the sworn lien and served copies of it on the

---

1. "There shall be a lien upon any lot of ground or tract of land upon which a house or structure has been erected, demolished, altered, or repaired ... by special contract with the owner or his agent, in favor of the contractor...." T.C.A. § 66–11–102(a).

2. T.C.A. § 66–22–101 provides that "[t]o authenticate an instrument for registration, its execution shall be acknowledged by the maker...." T.C.A. § 66–22–108 provides a form to be used for this purpose when the maker is a corporation or partnership.

Defendants gave them actual notice of the lien, thereby preserving its priority. The Court of Appeals reversed, holding that the failure to acknowledge the lien was fatal to the preservation of its priority.

Huckaby Plumbing had two ways to protect its lien against subsequent purchasers or encumbrancers without notice: (1) register its contracts pursuant to T.C.A. § 66–11–111 or, (2) file a "sworn statement" within 90 days of completing work under T.C.A. § 66–11–112. Huckaby Plumbing chose the latter method.

The controlling statute, T.C.A. § 66–11–112(a), provides in pertinent part:

In order to preserve the virtue [priority] of the lien, as concerns subsequent purchasers or encumbrancers for a valuable consideration without notice thereof, though not as concerns the owner, such lienor, who has not so registered his contract, is required to file for record in the office of the register of deeds of the county where the premises, or any part affected lies, a sworn statement similar to that set forth in T.C.A. § 66–11–117.... Such filing for record is required to be done within ninety (90) days after the building or structure or improvement is demolished, altered and/or completed, as the case may be, or is abandoned and the work not completed ... prior to which time the lien shall be effective as against such purchasers or encumbrancers without such registration....

As stated, Huckaby Plumbing filed suit (and attached the subject property) within 90 days of completing its work. We hold that by doing so, Huckaby Plumbing enforced its lien during a period when the lien continued to exist with priority, even though the recordation was ineffective because of the defective acknowledgement. The word "preserve" contained in T.C.A. § 66–11–112(a), along with the last phrase "prior to which time the lien shall be effective as against such purchasers or encumbrancers without such registration," evidences an intent by the legislature to recognize the pre-existence of a lien with priority. Had Huckaby Plumbing not filed

suit to enforce its lien within the 90 day period, then the failure to include the acknowledgement would likely be fatal because acknowledgement is required to "preserve" priority *beyond* the 90 day period. The failure to include an acknowledgement would ordinarily be significant because those seeking to utilize lien statutes must comply with the applicable statutory requirements, including those relating to notice and recordation. *Hamilton National Bank v. Long*, 189 Tenn. 562, 226 S.W.2d 293 (Tenn.1949); *D. T. McCall & Sons v. Seagraves*, 796 S.W.2d 457 (Tenn. App.1990). Although strict compliance with lien statutes is generally required, *see Pulaski Lumber Co., Inc. v. Harpeth South, Inc.*, 501 S.W.2d 275 (Tenn.1973) and *Chattanooga Lumber & Coal Corp. v. Phillips*, 202 Tenn. 266, 304 S.W.2d 82 (Tenn.1957), requiring compliance with the technicalities of giving notice and recordation would appear to be a useless task once suit is filed within the requisite 90 days. Even with a defective recordation, Huckaby Plumbing had a lien in existence for 90 days after completion of its work, and suit to enforce the lien filed during that period preserved its priority. Having filed suit and attached the property within the 90 day period, Huckaby Plumbing was not required to record a sworn statement pursuant to T.C.A. § 66–11–112(a). Under the plain language of the statute, the lien and its priority continued to "be effective" for 90 days as against subsequent purchasers and encumbrancers, even without registration, and filing suit preserved the lien.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and that of the trial court reinstated. Costs shall be taxed against the Defendants.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

ORDER ON PETITION TO REHEAR

Appellees Cardinal Industries Mortgage Company, Joe Pitt, Trustee, and Mid–America Federal Savings and Loan Association have filed a Petition to Rehear in the

above styled case. After careful consideration, the Court is of the opinion that the Petition to Rehear is not well taken and the same is denied at the cost of Appellees.