**IN THE COURT OF APPEALS OF TENNESSEE,**
**AT KNOXVILLE**

_____

|   |   |   |
|---|---|---|
| **POTTER'S HOME CENTER, INC.,** | ) | Anderson County Chancery Court |
| **d/b/a POTTER'S HOME CENTER**, | ) | No. 95CH3775 |
|   | ) |   |
| Plaintiff/Appellant. | ) |   |
|   | ) |   |
| VS. | ) | C.A. No. 03A01-9710-CH-00467 |
|   | ) |   |
| **LAUREN DALE TUCKER, and**, | ) |   |
| **WILBURN R. VILES, SR. and wife,** | ) |   |
| **MILDRED E. VILES, and the** | ) |   |
| **GUARANTY TITLE COMPANY, and** | ) |   |
| **FIRST AMERICAN NATIONAL BANK** | ) |   |
|   | ) |   |
| Defendants/Appellees. | ) |   |
|   | ) |   |

FILED

May 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

_____

From the Chancery Court of Anderson County at Clinton.
**Honorable William E. Lantrip, Judge**

**Thomas C. Coleman, Jr.**, Jamestown, Tennessee
Attorney for Plaintiff/Appellant.

**Dail R. Cantrell**, CANTRELL, PRATT & VARSALONA, Clinton, Tennessee
Attorney for Defendants/Appellees.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**HIGHERS, J.**: (Concurs)
**LILLARD, J.**: (Concurs)

Potter's Home Center appeals the trial court's summary judgment which dismissed its suit to enforce a materialman's lien against Defendants/Appellees Wilburn R. Viles, Sr., and Mildred E. Viles. We affirm the trial court's judgment based on our conclusion that Potter's failed to comply with the applicable notice requirements of the mechanics' and materialmen's lien statutes.

For purposes of these summary judgment proceedings, the following facts were undisputed. Defendant Lauren Dale Tucker purchased building materials and supplies from Potter's for use on property owned by the Viles in Anderson County. The subject property was known as the "old Dairy Queen" property and was located within the city limits of Clinton, Tennessee. Tucker subsequently did not pay for many of the items he purchased from Potter's for use on the Viles' property. Potter's, therefore, sought to establish a materialman's lien against the property by providing the statutorily- required notice of nonpayment to the owners of the property, the Viles. *See* T.C.A. § 66-11-115(a) (1993). Instead of serving the notice of nonpayment by registered or certified mail as required by statute, two of Potter's employees hand delivered the notice to Mr. Viles' office. *See* T.C.A. § 66-11-145(a) (1993). Both employees gave the same account of their delivery of the notice:

> I returned to the office of Wilburn R. Viles, Sr. and left a copy with
> his secretary on her desk. She was very busy and Mr. Viles was not
> available because he was supposedly very busy also, as I was so
> informed by his Secretary.

Potter's thereafter filed this lawsuit against the Viles to enforce the materialman's lien. The Viles responded by filing a motion for summary judgment in which they contended that Potter's could not enforce the materialman's lien because Potter's failed to comply with the notice of nonpayment requirements as set forth in the mechanics' and materialmen's lien statutes. The trial court granted the motion, and this appeal followed.[1]

In order to establish a lien on property on which work is done or labor and materials are furnished, a claimant must provide a notice of nonpayment to the landowner in accordance with

---

[1]Potter's lawsuit also named Lauren Dale Tucker, the Guaranty Title Company, and First American National Bank as defendants; however, the trial court's order indicates that it disposed of any claims against these defendants in a prior order.

the mechanics' and materialmen's lien statutes. T.C.A. § 66-11-115(a) (1993).[2] As pertinent, the mechanics' and materialmen's lien statutes contain the following notice of nonpayment requirements:[3]

> Every subcontractor, laborer or materialman contracted with or employed to work on buildings, fixtures, machinery, or improvements, or to furnish materials for the same, except one-family, two-family, three-family and four-family residential units, whether such subcontractor, laborer or materialman was employed by or contracted with the person who originally contracted with the owner of the premises or by an immediate or remote subcontractor acting under contract with the original contractor, or any subcontractor, shall provide, within sixty (60) days of the last day of the month within which work, services or materials were provided, a notice of nonpayment for such work, services or materials to the owner and contractor contracting with the owner if its account is, in fact, unpaid. The notice, *which shall be served by registered or certified mail, return receipt requested*, shall contain: . . . .

T.C.A. § 66-11-145(a) (1993) (emphasis added).

At the outset, we note that the foregoing provisions do not permit a supplier claiming a materialman's lien to hand deliver the required notice of nonpayment. The provisions instead require the claimant to serve the notice "by registered or certified mail, return receipt requested." T.C.A. § 66-11-145(a) (1993). In the present case, the evidence shows that Potter's employees hand delivered the required notice of nonpayment to Mr. Viles' office but that Potter's did not serve the notice by registered or certified mail as required by the mechanics' and materialmen's statutes. Inasmuch as Potter's did not satisfy the requirements of section 66-11-145(a), Potter's is not entitled

---

[2]Section 66-11-115(a) contains the following provisions:

> Every journeyman or other person contracted with or employed to work on the buildings, fixtures, machinery, or improvements, or to furnish materials for the same, whether such journeyman, furnisher, or other person was employed or contracted with by the person who originally contracted with the owner of the premises, or by an immediate or remote subcontractor acting under contract with the original contractor, or any subcontractor, shall have this lien for such work or material; *provided, that the subcontractor, laborer or materialman satisfies all of the requirements set forth in § 66-11-145, if applicable*.

T.C.A. § 66-11-115(a) (1993) (emphasis added).

[3]The legislature enacted these new requirements in 1990. *See* 1990 Tenn. Pub. Acts. 854.

to a materialman's lien on the property.

Despite the foregoing statutory requirements, Potter's argues on appeal that its employees' hand delivery of the notice of nonpayment constituted sufficient service of the notice as required by section 66-11-145(a) because the Viles thereby received actual notice of nonpayment. This court considered and, ultimately, rejected a similar argument in *Don Wood Plumbing Co. v. Tri-Pi, Ltd.*, No. 01A01-9304-CH-00162, 1993 WL 350114 (Tenn. App. Sept. 15, 1993). There, the plaintiff failed to comply with the notice of nonpayment requirements of section 66-11-145(a) in that the plaintiff's notice did not show the last date the plaintiff performed work or provided materials in connection with the improvements to the real property. *See* T.C.A. § 66-11-145(a)(3) (Supp. 1990) (providing that notice shall contain, *inter alia*, a "statement of the last date the claimant performed work and/or provided services or materials in connection with the improvements"). In urging this court to affirm the trial court's judgment enforcing the lien, the plaintiff argued that the landowner had actual notice of the last date the work was performed and that the plaintiff substantially complied with the notice provisions of the mechanics' and materialmen's lien statutes. *Don Wood Plumbing*, 1993 WL 350114, at *2.

In rejecting the plaintiff's argument, this court reasoned that:

> The courts have uniformly held that strict compliance with the mechanics' and materialmen's lien statutes is required in order to establish a subcontractor's lien against the owner. *See D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457 (Tenn. App. 1990) (defective oath on the complaint seeking to enforce the lien); *Sequatchie Concrete Service v. Cutter Labs*, 616 S.W.2d 162 (Tenn. App. 1980) (improper description of the property in the notice to the owner); *Pulaski Lumber Co., Inc. v. Harpeth South, Inc.*, 501 S.W.2d 275 (Tenn. 1973) (notice of liens not sworn to in compliance with the statutes); *Chattanooga Lumber & Coal Corp. v. Phillips*, 202 Tenn. 266, 304 S.W.2d 82 (1957) (notice to the owner must be registered and authenticated as provided by statute).

> The reasoning behind all of these decisions was expressed by the Supreme Court in *McDonnell v. Amo*, 162 Tenn. 36, 34 S.W.2d 212 (1931):

> > A materialman's lien is [altogether] statutory, and, when the lawmaking body prescribes the terms upon which it may be asserted, it is beyond the power

of this court to waive its provisions or substitute others.

162 Tenn. at 41, 34 S.W.2d at 213.

We find that the plaintiff in this case failed to strictly comply with the requirements of the notice of nonpayment. Failure to comply results in the denial of any lien to the plaintiff.

The plaintiff insists that the landowner had actual notice of the date the last work was performed on the project by the plaintiff. We can find no provision in the statute that dispenses with the obligation to provide the statutory notice where the landowner has actual knowledge of the facts contained in the notice. Therefore, we think that fact is irrelevant to the legal question involved here.

Unless we are willing to depart from the long standing rules set out in the cases in this state and hold that *substantial* compliance with the mechanics' and materialmen's lien statutes is sufficient, the plaintiff's claim in this case must fail. We are not persuaded to do so.

*Don Wood Plumbing*, 1993 WL 350114, at **1-2 (emphasis in original).

In accordance with this court's reasoning in *Don Wood Plumbing*, we hold that the trial court properly dismissed Potter's action to enforce the lien because Potter's failed to strictly comply with the notice of nonpayment provisions of the mechanics' and materialmen's lien statutes. Even if, as Potter's contends, the Viles had actual knowledge of the notice of nonpayment, such knowledge is irrelevant to the issue before this court. As in *Don Wood Plumbing*, Potter's failure to strictly comply with the statutory requirements of the notice of nonpayment must result in the denial of any lien to Potter's.

The trial court's judgment is affirmed, and this cause is remanded for further proceedings. Costs of this appeal are taxed to Appellant, for which execution may issue if necessary.

_____
FARMER, J.

_____
HIGHERS, J. (Concurs)

_____
LILLARD, J. (Concurs)