CITY OF KNOXVILLE *et al. v.* PETERS *et al.*

(*Knoxville*, September Term, 1945.)

Opinion filed December 1, 1945.

Rehearing denied January 19, 1946.

WAYNE PARKEY, of Knoxville, for complainants (appellees).

ELY & ELY, of Knoxville, for defendants, (appellants).

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is by the defendants below, from the decree of the Chancery Court of Knox County granting an injunction, at the instance of the City of Knoxville and certain private citizens, against the defendants, prohibiting them from the use and occupation of certain property in the City of Knoxville in violation of its zoning regulations.

Two pieces of property owned by the defendants Peters are involved, 1315 and 1321 Freemont Street. One-family residences on these properties have been converted into

apartments and are now rented from the defendants Peters and occupied by various parties, some of whom are made defendants to the bill.

The insistence of the City is that that part of Freemont Street where these houses are situated has been zoned in "a one family classification area;" that the occupation of each of the houses by several families living in apartments is a violation of the zoning ordinance and is a nuisance. For its authority to pass and enforce said ordinance, the City relies on a number of clauses in the City Charter which, generally speaking, define and provide for the exercise of the City's police power with regard to health and congestion, and these provisions of the charter are set out at length in the original bill. Pursuant to these granted powers the City, on October 15, 1928, passed the ordinance No. 123, which is here sought to be enforced, and which went into effect about the first of November, 1928.

By Chapter 473 of the Private Acts of 1929, the City was given authority to create a zoning commission and so to create and carry out a comprehensive system of zoning or planning. Apparently the City does not rely on this private act for the authority exercised in this case, but it relies rather on the ordinance No. 123 passed under the general charter powers above stated. No insistence is made that the private act of 1929 repealed or altered those general powers conveyed by the charter.

The original bill was first met by demurrer and when that was overruled the defendants answered, proof was taken, and on the hearing, the chancellor granted the relief sought. From his decree the defendants have perfected the appeal and assigned numerous errors.

By the first assignment, it is charged that the bill is multifarious in that private citizens (certain neigh-

boring property owners) are improperly joined as complainants with the City; and that the tenants of the defendants Peters are improperly made defendants with them. As to the complainants, we think the propriety of their joinder is clear, since the same alleged act or course of action by the defendants is the basis for the relief sought both by the City and the private citizens, with the result that proof of such acts and course of action is relevant for the chancellor's decision on both complainants. There is nothing impertinent in the one case to the other.

■ ■ As to the objection raised with regard to the joinder of the tenants of the owners, Peters, as defendants, it is a well known principle that proper parties include all who must be bound by the decree to make the decree finally effective and so to avoid recurrence of litigation on the same subject matter. Gibson Suits in Chy., (1937), secs. 109-112; *Wilkins* v. *Jetton*, 8. Tenn. App. 641.

■ We think that the joining of the city manager as a party complainant was unnecessary, but was not improper for the reasons stated in our consideration of the following assignment. The first assignment is overruled.

■ It is insisted that because the original bill does not recite that it is filed in the name of the City on express resolution of the city council, that the bill was filed without "proper municipal authority." We observe that it would profit the defendants little, if the City was eliminated as a complainant, and the relief sought was granted at the instance of the neighboring property owners or the other parties complainant. However, we find that under the charter and ordinances of the City of Knoxville, the suit was authorized without special councilmanic resolution. The original bill, as stated above, recites that

it is brought under authority of ordinance No. 123, and that ordinance is made a part of the bill and exhibited with it. Section 26 of the ordinance provides: "It shall be the duty of the City Manager, through the proper Departments, to enforce these ordinances." In this case, "the proper department" is the law department, which is by section 31 of the charter, under the direction of the law director, who is also called the city attorney. "He shall prosecute and defend all suits for and in behalf of the city," sec. 31 (1) *ibid.* The bill was signed and sworn to both by the city manager and the law director, and we think, under a proper construction of the foregoing provisions of the charter and ordinances that no specific resolution was necessary, but that the ordinance imposing on the city manager the duty of enforcing the zoning regulations, vested in him a continuing authority to file suit in the name of the City for those purposes. The case of *Weil, Roth & Co.* v. *Town of Newbern,* 126 Tenn. 223, 260, 148 S. W. 680, L. R. A. 1915A, 1009, Ann. Cas. 1913E, 25, is cited by the appellant as authority for the proposition that the Mayor of Knoxville was improperly a party complainant in this cause. We agree that the mayor was an unnecessary party, but if his name be stricken as a party complainant, since we have held that the law director and the city manager had the right to file suit in the name of the City, the striking of the mayor's name would be ineffective and mere surplusage. It would in no way affect the decree of the chancellor and the relief granted against the defendants.

As indicated, the City did not file the bill on the authority of Chapter 473 of the Private Acts of 1929, but it filed the bill on charter provisions set out in the bill itself, and an ordinance passed pursuant to those charter provisions which was effective as of November 1, 1928. The

private act of 1929 was not effective until April of that year. The zoning regulations here involved had gone into effect in November, 1928.

The defendants insist that since the City is relying on the private act, that there is a fatal defect in that the bill fails to show that there had been appointed a zoning commission and that other conditions laid down by the private act had been complied with. Defendants cite as authority to invalidate the act and avoid the decree on this account, *State ex rel. Lightman* v. *City of Nashville*, 166 Tenn. 191, 60 S. W. (2d) 161. Aside from the fact that the Private Act of 1929 is not involved here, other essential facts upon which the Nashville case was decided, are absent. In the course of the opinion in the *Nashville case*, Judge Cook said:

"It is admitted on the record that these mandatory requirements (of the legislative zoning act) were not met." (166 Tenn. at page 197, 60 S. W. (2d) at page 163.)

█ It is nowhere admitted here that all the provisions of the act of 1929, if it were applicable or involved in this litigation, were not complied with, and in the absence of some proof to the contrary, compliance would be presumed under the well known rule that this Court will so presume that public officers have complied with law and done their duty. *Stiner* v. *Powells Valley Hardware Co.*, 168 Tenn. 99, 75 S. W. (2d) 406, and cases cited there.

██ Since we hold that the city was entitled to the relief sought and obtained, it is immaterial whether the private citizens who were complainants were also so entitled to relief. There is ample authority for the proposition that private citizens, who are affected to their injury by violation of zoning regulations, have a right to seek their enforcement. Thompson Real Property, vol. 10, sec. 5632.

 The next assignment is to the effect that the relief sought is in violation of the rent control regulations of the United States. No authority is cited by the defendants for this proposition. Against it, the City cites a case from one of the lower courts of New York City. We think part of the reasoning in the opinion in that case is applicable here. Apparently defendants by this assignment are setting up rights of the tenants of the owners of the property involved. If the owners and the tenants were using and occupying the properties in a manner violative of state or municpal law, no regulation of a federal bureau could make that use and occupancy legal. As the New York judge said in the course of his opinion:

"The Court cannot in good conscience hold that the promulgators of the Rent Regulation intended it to cover an illegal occupancy. The law does not sanction illegality." *Noyes* v. *Wulson*, 181 Misc. 481, 46 N. Y. S. (2d) 408, 412.

Finally, defendants insist. that since 1315 and 1321 Freemont Street had been converted from one-family residences and used for multiple apartments prior to the effective date of the ordinance in November, 1928, that the ordinance was invalid in so far as it undertook to prohibit a use of property existing at the time of its effective date. A question of fact was presented when the City admitted the conversion prior to November, 1928, but alleged that the use under such conversion had been· abandoned at the time of the effective date of the ordinance. To show the purpose of this insistence the City cited the following from the ordinance:

"The lawful use of land existing at the time of this ordinance, although such use does not conform to the provisions hereof, may be continued, but if such non-con-

forming use is discontinued, any future use of such premises shall be in conformity with the provisions of this ordinance.''

 A detailed review of the evidence on this point seems to us unnecessary. It is sufficient that we find that at the time of the effective date of the ordinance in November, 1928, neither of these dwellings at 1315 nor 1321 Freemont Street was being used as a multiple apartment building. Such use has come later and since the effective date of the ordinance.

 For the reasons stated, all assignments of error are overruled and the decree of the chancellor is affirmed. The chancellor allowed some time within which the defendants should comply with the ordinance, and fixed the date of their final compliance as of February 1, 1945. We think the defendants should be allowed some time in which to comply, and fix the date of their compliance as of January 1, 1946. The appellants will pay the costs.