CHARLES G. HAYNES

*v.*

STATE OF TENNESSEE.

374 S. W. 2d 394

(*Nashville,* December Term, 1963.)

Opinion filed January 8, 1964.

THURMAN THOMPSON, SHELBY L. HAYWOOD, Lewisburg, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for the State.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The defendant was indicted for disposing of mortgaged property in violation of sec. 39-1932, T.C.A. He was tried, found guilty, and sentenced to serve three (3) years in the State penitentiary. From this conviction, he has seasonably appealed in error to this Court.

On December 3, 1960, the defendant executed a chattel mortgage to the Marshall County Creamery. The mortgage was given to secure the repayment of a loan made to the defendant by the Creamery; it purported to give the Creamery a lien on eight (8) cows owned by the defendant. Subsequent to the execution of the mortgage, the defendant disposed of the eight cows.

The relevant part of the mortgage, as far as this appeal is concerned, is the Notary Public's certificate of acknowledgment, which was, in part, as follows: "Witness 1960. My commission as Notary Public expires 18th day of October, 1960."

As the quoted portion of the certificate clearly shows the Notary's commission had expired when he notarized the mortgage. The defendant contends that the Notary Public was without power to take the acknowledgment and that this lack of power precludes his conviction under sec. 39-1932, T.C.A. This contention is well taken. In general terms, sec. 39-1932, T.C.A., prohibits the disposal of property covered by "registered" mortgage. "Such statutes as this, highly penal and cre-

ating a new offense, are to be strictly construed." *Mc-Clure v. State,* 172 Tenn. 424, 113 S.W.2d 63 (1938). The case of *Miller v. State,* 195 Tenn. 181, 258 S.W.2d 751 (1953), is a good illustration of the application of the doctrine of strict construction to a statute of the kind now under consideration. While the Miller case did not deal with the specific statute involved in the present case, it did involve the construction of a related statute, sec. 39-1938, T.C.A. (removing property out of the State, when the property is covered by a "registered" mortgage). In Miller, this Court held that a person could not be guilty of violating sec. 39-1938, T.C.A., when the mortgage, although executed at the time of the removal, was not registered at that time. The same principle would apply to sec. 39-1932, T.C.A. To warrant a conviction under this statute (sec. 39-1932, T.C.A.) it must appear that the mortgage was registered at the time the covered property was disposed of.

██ In the instant case, an attempt was made to register the mortgage prior to the time the defendant disposed of the property; and the mortgage was actually accepted for registration by the Register of Marshall County. But before an instrument can be considered legally registered, it must be "acknowledged by the maker, or approved by two (2) subscribing witnesses, at least." Sec. 64-2201, T.C.A.; *McDonnell v. Amo,* 162 Tenn. 36, 34 S.W.2d 212 (1931); *Henderson v. Watson,* 25 Tenn. App. 506, 160 S.W.2d 429 (1942); *Chattanooga Lumber & Coal Corp. v. Phillips,* 202 Tenn. 266, 304 S.W.2d 82 (1957). A Notary Public is one of the officers empowered to take acknowledgments in this State, sec. 64-2202, T.C.A. Since there were no subscribing witnesses to the execution of the mortgage in the present

case, the validity of the attempted registration depends on the validity of the Notary's acknowledgment. Under the provisions of sec. 8-1626, T.C.A., a Notary Public cannot take an acknowledgment after the expiration of his commission. When his commission expires, he is required to surrender his seal of office to the County Court. Sec. 8-1619, T.C.A. When a Notary's commission expires he is no longer an officer *de jure*. His power to act as a Notary depends on his commission.

■ Sec. 8-1621, T.C.A., has no application to the instant case. The statute provides that the failure of a Notary to place a true date of the expiration of his commission on the instrument acknowledged will not invalidate the certificate. But that statute is directed at the failure to place the true date on the instrument; it has no reference to an acknowledgment, such as the one now before us, where the true date is placed on the instrument and that date shows that the Notary's commission has expired.

■ The State suggests that the Notary in this case must have placed the wrong date of expiration on the chattel mortgage and urges us to resort to the presumption that a public officer acts lawfully. But there is nothing in the record to indicate that the date of the expiration was other than it appears on the mortgage. It should also be pointed out that the presumption that a public officer acts lawfully is not applicable when the contrary appears. *Manis v. Farmers Bank*, 170 Tenn. 656, 98 S.W.2d 313 (1936). Since it does appear that the Notary Public acted unlawfully in this case, the presumtion is not applicable.

452

The State also urges that, although the Notary in this case may not be a *de jure* officer, his act and consequently defendant's conviction can still be upheld on the theory that he was a *de facto* officer at the time he took the acknowledgment. That a Notary may, in some instances, be a *de facto* officer is well settled in this State and elsewhere. *Stokes v. Acklen,* 46 S.W. 316 (Tenn. Ch. App., 1898); *Third Nat'l Bank of Chattanooga v. Smith,* 47 S.W. 1102 (Tenn. Ch. App., 1898); *First Nat'l Bank of Sweetwater v. Fowler,* 8 Tenn. App. 128 (1928); 39 Am. Jur., Notary Public, sec. 13. A *de facto* officer has been defined, in general terms, as "one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law." Lord Ellenborough, as quoted in *Ridout v. State,* 161 Tenn. 248, 30 S.W.2d 255, 71 A.L.R. 830 (1930). Under this doctrine, the acts of an officer are deemed valid even though he acts without legal right.

There are a number of classes of *de facto* officers. See *Ridout v. State,* supra. One class is officers who, under color of authority, continue in the exercise of the functions and duties of their office without legal authority after their term of office has expired, or after their authority to act has ceased. 43 Am. Jur., Public Officers, sec. 484; *Ridout v. State,* supra.

We do not think that the Notary Public in this case can be classified as a *de facto* officer since the acknowledgment showed on its face that his commission had expired. It cannot be said that he took the acknowledgment "under color of authority." The defect in this title was notorious. As such, it falls under the rule stated in 43 Am. Jur., Public Officers, sec. 484: "But where the

defects in the officer's title are notorious and such as to make those relying on his acts chargeable with such knowledge, application of the (*de facto*) rule has been denied.''

In determining whether a particular act of a Notary Public is an act of a *de facto* officer, the cases seem to turn on the number of acts performed by the Notary be tween the expiration of his commission and the taking of the acknowledgment in question. The cases also refer to the existence or lack of good faith on the part of the Notary and the parties to the instrument. But in none of these cases does it appear that the expiration of the Notary's commission appeared on the face of the instrument notarized. They all appear to be cases in which the Notary's commission had expired, but this fact was not known to the Notary and did not appear on the face of the instrument. *First Nat'l Bank of Sweetwater v. Fowler*, supra; *Hughes v. Long*, 119 N.C. 52, 25 S.E. 743 (1896); *Sandlin v. Dowdell*, 143 Ala. 518, 39 So. 279 (1905); *Sousley v. Citizens' Bank*, 168 Ky. 150, 181 S.W. 960 (1961). For this reason, we do not consider these cases persuasive in our disposition of the present case.

Since we hold that the Notary Public in this case was neither a *de jure* nor a *de facto* officer, it results that the acknowledgment taken by him was without legal force and effect. The defective acknowledgment invalidates the attempted registration, and, therefore, under the rule of strict construction, the defendant's conviction cannot stand. The case must, therefore, be reversed and dismissed.