**Trudie Vickers PATTERSON,
Plaintiff-Appellant,**

v.

**Shirley White COOK, et ux.,
Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

May 5, 1983.

Application for Permission to Appeal
Denied by Supreme Court
July 25, 1983.

TRUDIE VICKERS

Stuart F. Dye, Smithville, for plaintiff-appellant.

Bratten Hale Cook, II, Joe Carter, Smithville, for defendants-appellees.

CRAWFORD, Judge.

This is an appeal by plaintiff, Trudie Vickers Patterson (hereinafter for clarity referred to as Vickers), from the adverse ruling of the Chancery Court of Dekalb County sitting without the intervention of a jury. Vickers and defendants, Shirley White Cook and wife, Janine Cook (hereinafter Cook), are owners of lots in the Trudie Vickers Subdivision in Smithville. Vickers filed a complaint against Cook to enforce certain subdivision restrictions and a zoning ordinance of the City of Smithville.

The parties stipulated as to most of the facts including the proof of the zoning ordinance of the City of Smithville. Vickers was the owner of acreage which she acquired by will of her first husband, and in June of 1968 she recorded a subdivision plat of said property in the Register's Office of Dekalb County, Tennessee. The subdivision was named Trudie Vickers Subdivision, and while no restrictive covenants were set out on the subdivision plat, Vickers subsequently filed in the register's office on March 4, 1969, the following instrument that we copy in its entirety as introduced as an exhibit in this case.

TO RESTRICTIVE COVENANTS

This instrument was prepared by George LeFevre, Attorney at Law, Smithville, Tennessee 37166

TRUDIE VICKERS SUBDIVISION (GREEN ACRES SUBDIVISION)

The following restrictions shall apply to all lots situated on the North side of Green Acres Drive in the City of Smithville, Tennessee, namely Lots Nos. 16–26, inclusive, except for Lots Nos. 25 and 26, all of which lots were surveyed by Hearon Puckett, and all lots situated on the

North side of Meadow Brook Drive in the City of Smithville, Tennessee, namely, Lots Nos. 39–47, inclusive, all of which lots were surveyed by Hearon Puckett, and all lots situated on the North side of Meadow Brook Drive in the City of Smithville, Tennessee, namely Lots Nos. 27–38, inclusive except for Lots 27, 28, and 29, all of which lots were surveyed by Hearon Puckett. Lots Nos. 25, 26, 27, 28, and 29 are excluded from these restrictions:

1. The lots shall be used for residential purposes only.

2. Dwelling shall be constructed of rock, brick, or stone, or a combination of these materials.

3. Each dwelling constructed on these lots shall contain at least 1,000 square feet of floor space, exclusive of garages, carports, and porches.

4. The front of each house shall be exactly 50 feet from the margin of said drives so that all houses will be in a straight line, and each house must be erected as nearly in the center of the lot as reasonably possible.

5. No apartment house shall be constructed on any of the aforesaid lots.

These restrictions shall take effect immediately.

This June 14, 1968.

/s/ Trudie Vickers
TRUDIE VICKERS

In February, 1972, Cook acquired Lot 45 of Trudie Vickers Subdivision from another party. The deed specifically provided:

This aforesaid land is subject to the restrictions of record in Deed Book Z–3, page 636, R/O/O/D/C/T, which restrictions are incorporated herein by reference.

Cook's home is on Lot 45, and this lot is not involved in the present controversy. By warranty deed dated July 17, 1972, Cook acquired from Vickers and husband Lot 46 of Trudie Vickers Subdivision, a vacant lot adjacent to Lot 45 on which Cook's home is situated. The deed to Lot 46 did not mention any restrictive covenants, but to the contrary contained the following:

We covenant with the Grantees herein that we are lawfully seized and possessed of said land in fee simple, have a good and lawful right to convey it, that it is unencumbered, and we further covenant and bind ourselves, our heirs and representatives, to warrant and forever defend the title thereto against the lawful claims of all person whomsoever.

Vickers presently owns several lots in the subdivision, although she has conveyed other lots to various people. The record indicates that Vickers did not refer to the restrictive covenants in the other deeds.

Shortly before the filing of the complaint herein, Cook began building a 26′ × 88′ greenhouse on the vacant Lot 46 which he intended to use for storage of plants and materials which he would sell at wholesale on a "route." The record indicates that Cook applied for a building permit from the City of Smithville, but it is unclear whether the permit was refused or he was told it was unnecessary. At any rate, Cook continued the construction of the greenhouse which he called a "temporary structure," and when asked by Vickers to cease construction he refused. His refusal precipitated the lawsuit by Vickers wherein she sought to enjoin the construction of the greenhouse as being violative of the restrictive covenants heretofore set out and the zoning ordinance of the City of Smithville.

Cook asserted in the trial court and asserts in this court that: (1) he had no actual or constructive notice of the restrictive covenants; (2) even if the restrictive covenants were applicable to his lot, he was not in violation of them in his proposed use of the lot; and (3) there was no proof that the use of the lot proposed was in violation of the zoning ordinance.

The trial court ruled that Vickers had failed to exhaust her administrative reme-

dies relevant to the zoning ordinance and therefore such issues relating to the ordinance were not validly before the court. As to the restrictive covenants, the court said:

It further appearing to the Court that the deed to the defendants from the plaintiff conveying Lot No. 46 in the Trudy Vickers Subdivision failed to mention any restrictive covenants, as well as various other conveyances to the lots in the subdivision by the plaintiff without any reference to the restrictive covenants, as well as the fact that various garages and storage buildings exist throughout the subdivision, as well as the fact that the defendants formerly had a greenhouse in the back of their lot where their dwelling is located, that being Lot No. 45 in said subdivision, as well as the fact that many of the lots in the subdivision are not subject to the restrictive covenants at all, it is hereby ORDERED and ADJUDGED by the Court that Lot No. 46 owned by the defendants in the Trudy Vickers Subdivision in the City of Smithville, Tennessee, is not subject to any restrictive covenants, vis-a-vis the construction and maintenance of a greenhouse, and the defendants shall be allowed to construct and maintain a greenhouse on said lot provided the greenhouse is used for storage purposes only and provided further, that the greenhouse is set back from the fronting street a distance of at least fifty (50) feet.

\* \* \* \* \* \*

Vickers, in appealing to this court, has proposed two issues for review, but because of the assertions of Cook we have determined that the issues for review are:

1. Whether the restrictive covenants filed by Vickers on March 4, 1969 are valid, applicable to and encumber Lot 46 of the Trudy Vickers Subdivision, and if they are applicable whether the proposed use by Cook is in violation thereof.

2. Whether the zoning ordinance of the City of Smithville may be enforced by Vickers in this action, and if so, whether Cook is in violation thereof.

## ISSUE NO. 1

■ On this issue we agree with the result reached by the Chancellor, but for different reasons. Restrictive covenants were placed on the property by Vickers, the same person seeking to enforce them. Vickers is also Cook's grantor, and in her role as grantor she executed a warranty deed that not only did not mention restrictive covenants, but contained a specific covenant against encumbrances. It seems grossly unfair for the grantor (Vickers) on one hand to promise the grantee (Cook) that the property is unemcumbered, and then, on the other hand, seek to enforce an encumbrance that the grantor herself placed upon the property. While Cook has not raised the question, we feel that Vickers is estopped to enforce the restrictive covenants against Cook. Vickers attached both the restrictive covenants and the deed by which title was conveyed to Cook as exhibits to her complaint, and the provisions of the instruments are part of the pleadings. We feel that by virtue of the facts asserted in the pleadings plaintiff was estopped by her deed to enforce the restrictive Covenants. We quote from *Denny v. Wilson County,* 198 Tenn. 677, 281 S.W.2d 671 (1955), where Justice Prewitt said:

There are three kinds of estoppel viz.: (1) by record, (2) by deed, and (3) by matter *in pais.*

"Estoppel by deed is a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it." 19 Am.Jur., Estoppel, Sec. 6, p. 603.

" 'A fact admitted by recital, or directly in a covenant or deed, concludes all the parties to it, and cannot be averred against.' *Henderson v. Overton,* 10 Tenn. (2 Yerg.), 394–397 (24 Am.Dec. 492)." *Battle v. Claiborne,* 133 Tenn. 286, 302, 180 S.W. 584, 588.

" 'Estoppel by warranty is based on the fundamental principles of giving effect to the manifest intention of the grantor, appearing on the deed, as to the lands or estate to be conveyed, and of preventing the grantor's derogating from or destroying his own grant by any subsequent act.' *Condit v. Bigalow,* 64 N.J.Eq. 504, 54 A. 160." *Battle v. Claiborne, supra,* 133 Tenn. 303, 180 S.W. 588.

*Id.* 685, 281 S.W.2d at 674–675.

■ In addition, we feel that the instrument creating the restriction would not constitute constructive notice. An attempt was made to register the instrument creating the restrictive covenants, and the instrument was actually accepted for registration by the Register of Dekalb County. Before an instrument can be considered legally registered, it must be "acknowledged by the maker, or approved by two (2) subscribing witnesses." Tenn.Code Ann. § 66–22–101 (1982); *Haynes v. State,* 213 Tenn. 447, 374 S.W.2d 394 (1964). In the case sub judice, the instrument creating the restrictive covenants contained no acknowledgment whatsoever, and therefore the attempted registration is invalid. *See Haynes v. State, supra* at 450, 374 S.W.2d at 397. For the reasons stated, we find that the restrictive covenants are not enforceable by Vickers.

### ISSUE NO. 2

### ARTICLE III—ZONING DISTRICTS AND MAP

### SECTION 1. ESTABLISHMENT OF ZONING DISTRICTS

For purposes of this Ordinance, the City of Smithville is hereby divided into districts, as follows:

*RESIDENTIAL*

R–1 Low Density Residential District

### ARTICLE IV—SCHEDULES OF DISTRICT REGULATIONS

### SECTION 1—DISTRICT OBJECTIVES

*1. R–1 Low Density Residential District*

The objectives of this district is [sic] to preserve and promote single dwelling unit areas with low densities. These areas are intended to be geographically defined and protected from the encroachment of uses not performing a function necessary to a residential environment. Certain nonresidential uses which are more compatible with residential uses may be permitted on review by the Board of Zoning Appeals.

### ARTICLE IX—ADMINISTRATION AND ENFORCEMENT

### SECTION 2—BUILDING PERMIT REQUIRED

It shall be unlawful to commence the excavation for or the construction of any building or other structure, including accessory structures or to store building materials or erect temporary field offices, or to commence the moving, alteration, or repair (except necessary repairs, not affecting the external or party walls, chimneys, stairways or heights of buildings) of any structure including accessory structures, until the City Building Inspector has issued for such work a building permit including a statement that the plans, specifications and intended use of such structure in all respects conform with the provisions of this ordinance. Application for a building permit shall be made to the City Building Inspector of Smithville on forms provided for that purpose.

### SECTION 3—APPROVAL OF PLANS AND ISSUANCE OF BUILDING PERMIT

It shall be unlawful to commence the excavation for the construction of any buildings, including accessory buildings, or to commence the moving or alteration of any building, including accessory buildings, until the Building Inspector has issued a building permit for such work.

In applying to the Building Inspector for a building permit, the applicant shall

submit a dimensioned sketch, or scale plan indicating the shape, size, height and location of all buildings to be erected, altered or moved and of any building already on the lot. He shall also state the existing and intended use of all such buildings and supply such other information as may be required by the Building Inspector for determining whether the provisions of this ordinance are being observed. If proposed excavation or construction as set forth in the application are in conformity with the provisions of this ordinance, and other ordinances of the City of Smithville then in force, the Building Inspector shall issue a building permit for such excavation or construction. If a building permit is refused, the Building Inspector shall state such refusal in writing, with the cause.

The issuance of a permit shall in no case be constructed as waiving any provision of this ordinance.

■ As heretofore noted, the Chancellor held that the zoning ordinances were not enforceable by Vickers because Vickers had not exhausted her administrative remedies. The Chancellor held, in effect, that Vickers had no standing to enforce the ordinances in this stage of the proceedings. We disagree. Tenn.Code Ann. § 13–7–208 (1980), provides:

*Enforcement of ordinances—Remedies.* —The chief legislative body may provide for the enforcement of any ordinance enacted under this chapter. A violation of any such ordinance is hereby declared to be a misdemeanor. In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, converted or maintained, or any building, structure or land is or is proposed to be used in violation of any ordinance enacted under this chapter, the building commissioner, municipal counsel or other appropriate authority of the municipality, or any adjacent or neighboring property owner who would be specially damaged by such violation, may, in addition to other remedies, institute injunction, mandamus or other appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance or use, or to correct or abate such violation, or to prevent the occupancy of said building, structure or land.

\*    \*    \*    \*    \*    \*

The Supreme Court, by way of dicta, said in *City of Knoxville v. Peters,* 183 Tenn. 93, 191 S.W.2d 164 (1946):

Since we hold that the city was entitled to the relief sought and obtained, it is immaterial whether the private citizens who were complainants were also so entitled to relief. There is ample authority for the proposition that private citizens, who are affected to their injury by violation of zoning regulations, have a right to seek their enforcement. Thompson Real Property, vol. 10, § 5632.

*Id.* at 99, 191 S.W.2d at 167.

In considering the City of Smithville zoning ordinance we are dealing with a somewhat different situation than that involving the restrictive covenants. The restrictive covenants provide specifically that the lots shall be used exclusively for residential purposes. As noted, Lot 46 did not have any residential structure on it; the only structure on it—the greenhouse—was to be used for commercial purposes. However, when considering the zoning ordinance we must take into consideration other factors because the ordinance does not require the same exclusive residential use of each individual lot. The ordinance contemplates uses of property in connection with residential use without the designation of individual lot. We know that Cook owns the lot adjacent to the lot in question. Thus, it is conceivable that Cook's commercial use of Lot 46 could be considered to be in connection with his residential use of Lot 45 which would violate the restrictive covenants but not the zoning ordinance. Since the trial court did not consider the case on the basis

of the zoning ordinance, we feel that the case should be remanded for further proceedings on that issue. Therefore, we reverse the judgment of the trial court, and remand the case for further proceedings to determine if Cook has violated the zoning ordinance and, if so, to determine the appropriate relief to which Vickers is entitled. The costs of the appeal are adjudged against the parties equally.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.