IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 6, 2024 Session

## REBECCA PRINCE v. A&W CONSTRUCTION AND PROPERTY MANAGEMENT, LLC ET AL.

**Appeal from the Circuit Court for Maury County**
**No. 17402     M. Caleb Bayless, Judge**

_____

**No. M2023-00449-COA-R3-CV**

_____

A property owner filed a complaint against her neighbor and the municipality seeking to enforce a local zoning ordinance. The trial court dismissed the property owner's claims against the municipality. Among other things, the court ruled that mandamus was not available because the property owner failed to exhaust her administrative remedies. It also determined that the municipality retained immunity for the tortious acts alleged in the complaint. On appeal, the property owner argues that (1) Tennessee Code Annotated § 13-7-208(a)(2) authorized her to bring a mandamus action to abate the zoning violation without exercising administrative remedies and (2) the complaint contained sufficient allegations of negligent supervision to withstand a motion to dismiss. Upon review, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JEFFREY USMAN, J., joined.

T. Jake Wolaver and Joshua L. Hogan, Columbia, Tennessee, for the appellant, Rebecca Prince.

William C. Mazzota and Benjamin Charles Allen, Brentwood, Tennessee, for the appellee, City of Mount Pleasant, Tennessee.

L. Bruce Peden, Columbia, Tennessee for the appellee, A&W Construction and Property Management, LLC.

## OPINION

### I.

Rebecca Prince owned residential property in Mount Pleasant, Tennessee. A&W Construction and Property Management, LLC owned the adjacent property. On December 29, 2022, Ms. Prince filed a verified complaint against A&W Construction and the City of Mount Pleasant, Tennessee, seeking to enforce a zoning ordinance.

According to the complaint, the City issued A&W Construction a permit to remodel an existing home on its property. During construction, the home was "completely demolished," and crews began work on a new foundation. On November 8, 2022, Ms. Prince "realized that the builders were erecting the new foundation within two feet of the property line," a distance she believed was in violation of the zoning ordinance. She reported the violation to Mr. Howell, the City's zoning and codes enforcement officer. The City issued a stop work order that same day.

A&W Construction obtained a permit for the construction of a new principal structure on November 9, 2022. The zoning ordinance prohibited "the issuance of any building permit without verification that the proposed use conforms with the zoning code." Yet the proposed new structure was already in violation of the zoning code when the permit was issued. Thus, the complaint alleged that the November permit "was invalidly issued because it allow[ed] for the expansion of a nonconforming structure without an approved variance to [an unlicensed] contractor."

This time, when Ms. Prince reported her concerns to city officials, the City failed or refused to enforce the zoning ordinance. On November 10, Ms. Prince corresponded with Mr. Howell about the ongoing zoning violation. In response, he shared an email from the city attorney opining that the recent permit was validly issued. A few days later, Ms. Prince reported the violation to the city manager. The city manager informed her "that the new construction was not in violation of City Code and no action would be taken." Ms. Prince alleged that the City's decision was politically motivated. One of the members of A&W Construction was a city council member. So "it appear[ed] that the City [wa]s giving favorable treatment to the Defendant as a political favor."

Ms. Prince sought several forms of relief in the complaint. Count one asked the court to declare the permits invalid. Count two requested a writ of mandamus ordering the City to issue a stop work order and revoke the invalidly issued permits "or show cause why it has not done so." Count three sought injunctive relief. Count four alleged liability for negligent and intentional misconduct. Counts five and six asserted claims against A&W Construction for trespass and nuisance.

The City moved to dismiss the first four counts in the complaint. *See* TENN. R. CIV. P. 12.02(6). It argued that the proper way to review an administrative zoning decision was through a writ of certiorari, not a declaratory judgment or mandamus. But Ms. Prince did not pursue the administrative remedy. And a writ of mandamus could not be used to compel city officials to perform a discretionary act. As for count four, the City maintained that it retained immunity for the negligent issuance of a building permit and the complaint lacked sufficient factual allegations to support an intentional tort for which immunity had been waived.

The trial court dismissed the claims against the City with prejudice and designated the dismissal as final. *See id.* 54.02. The court rejected Ms. Prince's argument that Tennessee Code Annotated § 13-7-208(a)(2) provided her with an independent cause of action to enforce the zoning code. The court dismissed the first three counts in the complaint based on Ms. Prince's failure to exhaust her administrative remedies. The court also held that count four failed to state a claim against the City for negligence or intentional misconduct.[1]

## II.

A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint." *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Thus, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.* It does not challenge the strength of the plaintiff's proof or evidence. *Id.*

When faced with this type of motion, the court must "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). A complaint "need not contain detailed allegations of all the facts giving rise to the claim," but it "must contain sufficient factual allegations to articulate a claim for relief." *Webb*, 346 S.W.3d at 427 (quoting *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103-04 (Tenn. 2010)). This determination presents a question of law, which we review de novo, with no presumption of correctness. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999).

---

[1] Ms. Prince appealed the court's dismissal of her claims against the City. A&W Construction is participating in this appeal because the trial court also dismissed some of the claims against A&W Construction based upon Ms. Prince's failure to exhaust administrative remedies.

A.

Ms. Prince contends that we "should reverse the trial court's dismissal of the City because . . . Tenn. Code Ann. Section 13-7-208(a)(2) provides [her] with a cause of action for mandamus." Ms. Prince relies on this statutory provision:

> In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, converted or maintained, . . . in violation of any [zoning] ordinance . . . [,] any adjacent or neighboring property owner who would be specially damaged by such violation, may, in addition to other remedies, institute injunction, mandamus or other appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance or use, or to correct or abate such violation, or to prevent the occupancy of the building, structure or land.

Tenn. Code Ann. § 13-7-208(a)(2) (2019).

Statutory interpretation presents a question of law, which we review de novo. *Pickard v. Tenn. Water Quality Control Bd.*, 424 S.W.3d 511, 518 (Tenn. 2013). Our objective is to determine the statute's meaning. *State v. Deberry*, 651 S.W.3d 918, 924 (Tenn. 2024). In determining meaning, we give the words of the statute their "natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012). "When a statute's meaning is clear and unambiguous after consideration of the statutory text, the broader statutory framework, and any relevant canons of statutory construction, we 'enforce the statute as written.'" *Deberry*, 651 S.W.3d at 925 (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)).

Based on the allegations in the complaint, Ms. Prince meets the statutory criteria for bringing an action to enforce the zoning code. *See Patterson v. Cook*, 655 S.W.2d 955, 960 (Tenn. Ct. App. 1983). She is "an adjacent or neighboring property owner" who has allegedly suffered special damages caused by violation of the zoning ordinance. *See id.* So she had standing to "institute injunction, mandamus or other appropriate action or proceeding to prevent . . . or . . . correct or abate" the violation. *See id.*

As Ms. Prince points out, the statutory right to institute a mandamus action is "in addition to other remedies." Thus, she was not limited to a common law writ of certiorari. *See Simmons v. City of Lexington*, 11 S.W.3d 136, 140 (Tenn. Ct. App. 1999). Still, this does not mean that she was free to bypass the administrative process.

Mandamus has a well-recognized common law meaning. *See Lively v. Am. Zinc Co. of Tenn.*, 191 S.W. 975, 978 (Tenn. 1917); *In re Est. of Starkey*, 556 S.W.3d 811, 817

4

(Tenn. Ct. App. 2018). Absent a specific statutory definition, we presume that common law meaning applies here. *Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 61 (Tenn. 2023).

"A writ of mandamus is an extraordinary remedy." *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 479 (Tenn. 2004); *Meighan v. US Sprint Commc'ns Co.*, 942 S.W.2d 476, 479 (Tenn. 1997); *State ex rel. Witcher v. Bilbrey*, 878 S.W.2d 567, 570 (Tenn. Ct. App. 1994). The writ may be issued to enforce a "clearly established" right when "there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled." *Cherokee Country Club, Inc.*, 152 S.W.3d at 479 (quoting *Meighan*, 942 S.W.2d at 479). Conversely, mandamus is not an available remedy "if the petitioner has a legal remedy that is equally convenient, complete, beneficial, and effective." *Meighan*, 942 S.W.2d at 479.

Here, Ms. Prince had an available administrative remedy. She could have appealed the issuance of the permit to the Board of Zoning Appeals. *See* Tenn. Code Ann. § 13-7-206(b), -207(1) (2019). Section 4.3 of the Zoning Ordinance of the City of Mount Pleasant allowed the "owner of any property in the city, their authorized agent or any resident that is directly affected by a decision made under this ordinance by the planning department" to file an administrative appeal. The Board could have reversed, affirmed, or modified the planning department's decision. *See State ex rel. Poteat v. Bowman*, 491 S.W.2d 77, 80 (Tenn. 1973). Yet Ms. Prince chose not to pursue her administrative remedy.

Ms. Prince argues that the statute does not expressly require exhaustion of administrative remedies as a prerequisite to an enforcement action. But the lack of an express statutory requirement is not dispositive. "Absent a statutory mandate, the decision on whether to dismiss a case for failure to exhaust administrative remedies is a matter of judicial discretion." *Chattanooga-Hamilton Cnty. Hosp. Auth. v. UnitedHealthcare Plan of the River Valley, Inc.*, 475 S.W.3d 746, 758 (Tenn. 2015). Generally, our courts impose an exhaustion requirement in zoning matters. *See State ex rel. Moore & Assocs. v. West*, 246 S.W.3d 569, 580 (Tenn. Ct. App. 2005); *see also Thomas v. State Bd. of Equalization*, 940 S.W.2d 563, 566 (Tenn. 1997) (explaining the purpose of the exhaustion doctrine); *State ex rel. Poteat*, 491 S.W.2d at 79-80 (affirming decision to dismiss complaint for a writ of mandamus based on failure to exhaust administrative remedies). Public and judicial policy favor "permitting the community decision-makers closest to the events, who have been given broad powers in the area, to make zoning and land use decisions." *State ex rel. Moore & Assocs.*, 246 S.W.3d at 575. Thus, our "courts give wide latitude to local officials who are responsible for implementing zoning ordinances, are hesitant to interfere with zoning decisions, and will refrain from substituting their judgments for that of the local governmental officials." *Id.*

Ms. Prince's reliance on *Simmons v. City of Lexington*, 11 S.W.3d 136 (Tenn. Ct. App. 1999), to argue otherwise is misplaced. *Simmons* does not stand for the proposition

that a plaintiff bringing an action under this statute is excused from the exhaustion requirement. In *Simmons*, the petitioner appeared before the Board of Zoning Appeals. 11 S.W.3d at 138. The Board had an opportunity to consider whether the construction on the neighboring property violated the zoning code. *Id.* Yet it ultimately approved the building permit and allowed construction to continue. *Id.* Failure to exhaust administrative remedies was not an issue. *See id.* at 139-40.

Exhaustion is not required when the exercise of an administrative remedy would be futile. *See Cherokee Country Club, Inc.*, 152 S.W.3d at 479; *State ex rel. Poteat*, 491 S.W.2d at 80; *Coe v. City of Sevierville*, 21 S.W.3d 237, 241-42 (Tenn. Ct. App. 2000). But that is not the case here.[2] Under the zoning ordinance, appeals must be filed within 30 days of the decision at issue. Ms. Prince contends that she did not know about the invalidly issued permits until it was too late. The allegations of the complaint belie this contention. A&W Construction obtained the second permit on November 9, 2022. Ms. Prince contacted city officials about the continuing violations on November 10 and 15, well within thirty days of the issuance of the second permit. Ms. Prince had sufficient notice to file an administrative appeal contesting the issuance of the second permit. Her failure to do so deprived the Board of Zoning Appeals of the opportunity to enforce the zoning ordinance. *See State ex rel. Poteat*, 491 S.W.2d at 80 (presuming that the Board of Zoning Appeals would have performed its duty); *State ex rel. Jones v. City of Nashville*, 279 S.W.2d 267, 268 (Tenn. 1955) (noting that courts should presume that administrative authorities will "do the correct thing and if given a full chance to fully pass upon the matter they will determine it correctly").

The trial court did not err in dismissing the first three counts in the complaint based on Ms. Prince's failure to exhaust her administrative remedies. So we do not address the parties' arguments as to whether mandamus was otherwise appropriate.

B.

The Governmental Tort Liability Act ("GTLA") provides general immunity from tort liability to municipalities when engaged in governmental or proprietary functions. Tenn. Code Ann. § 29-20-201(a) (2024); *Kirby v. Macon Cty.*, 892 S.W.2d 403, 406 (Tenn. 1994). The Act then waives immunity for injuries caused by negligent acts of employees, including the negligent supervision of other employees, with ten enumerated exceptions. Tenn. Code Ann. § 29-20-205 (2024); *Lawson*, 661 S.W.3d at 67; *Hughes v.*

---

[2] Some states extend the time for filing an appeal when an adjoining landowner learns of the zoning decision too late. *See, e.g.*, *Shors v. Johnson*, 581 N.W.2d 648, 652 (Iowa 1998) (holding the time period for filing an administrative appeal began when the adjoining landowner "had actual or constructive notice of the zoning administrator's decision"); *Berryman v. Wyo. Borough Zoning Hearing Bd.*, 884 A.2d 386, 389 (Pa. Commw. Ct. 2005) (noting that when "an objector proves he lacked notice of the issuance of a permit, the 30-day appeal period is tolled until he possesses knowledge or a 'reason to believe' the approval was granted").

*Metro. Gov't of Nashville & Davidson Cnty.*, 340 S.W.3d 352, 368-69 (Tenn. 2011). Two exceptions to the immunity waiver are relevant here. Municipalities retain immunity for injuries arising out of the issuance or denial of a building permit and/or the "failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property." Tenn. Code Ann. § 29-20-205(3)-(4).

To avoid this obstacle, Ms. Prince insists that the complaint asserted a claim for negligent supervision of intentional misconduct by a City employee. The City cannot be held liable for an intentional tort "absent proof of its negligent supervision." *Lemon v. Williamson Cnty. Sch.*, 618 S.W.3d 1, 23 (Tenn. 2021) (citation omitted). "To state a claim for negligent supervision, a complaint must allege that the defendant had notice of the wrongdoer's propensity to harm, authority to prevent the harm, and a duty of care to those who were harmed." *Id.*

The complaint alleged these facts. The City had a duty to enforce the zoning code. In violation of that duty, the City issued two building permits to A&W Construction. Mr. Howell, the zoning and codes enforcement officer, issued a stop work order when Ms. Prince first reported the zoning violation on her neighbor's property. But after the second permit was issued, Mr. Howell failed or refused to issue another stop work order. Ms. Prince then voiced her concerns with the city manager, who informed her that the construction did not violate the zoning code and no action would be taken. Given that one of the members of A&W Construction was also a city council member, the City's failure to enforce the zoning ordinance appeared to be politically motivated.

Construing these allegations liberally, we discern no facts that would support a claim of negligent supervision. "[H]yperbole and conclusory statements do not take the place of alleging actual facts." *Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 703 (Tenn. Ct. App. 2012). Nor can we reasonably infer from the alleged facts that the City failed to adequately train and supervise Mr. Howell. Thus, the City retains immunity for Mr. Howell's allegedly intentional conduct.

## III.

The trial court properly exercised its discretion to dismiss the writ of mandamus for failure to exhaust administrative remedies. The court also properly dismissed the tort liability claims against the City based on sovereign immunity. So we affirm.

_____s/ W. Neal McBrayer_____
W. NEAL MCBRAYER, JUDGE
